## MIAMI HERALD v. JONES
### Nos. 79-086-EX; 79-4184
Circuit Court, Eleventh Circuit, Appellate Division
June 1, 1981

Franklin G. Burt, Richard J. Ovelman and Dan Paul, for plaintiff Miami Herald.

Joseph Averill and Howard Kleinberg, for plaintiff Miami Daily News.

Roy Wood, Assistant County Attorney, for defendant Jones.

Denis Dean, for defendant Dade County Police Benevolent Association.

DAVID L. LEVY, Circuit Judge.

This matter came before the Court on Petitioners/Plaintiffs' Motion for Attorneys' Fees (the "Motion") and the Application of Miami Daily News, Inc. for Attorneys' Fees (the "Application"), and the Court having reviewed the motions and legal memoranda from the parties, having heard argument of counsel, and being fully advised in the premises, it is:

ORDERED AND ADJUDGED:

1. On March 24, 1981, Petitioners/Plaintiffs The Miami Herald Publishing Company, a division of Knight-Ridder Newspapers, Inc., and Heath Meriwether (collectively *"The Miami Herald"*) filed the Motion pursuant to Section 119.12, Florida Statutes (1979), requesting this Court award them their reasonable attorneys fees incurred in this protracted action brought under Chapter 119, the Public Records Act, demanding the right to inspect closed police internal review files dating from June 1, 1974 through February 19, 1979. The Miami Daily News,

Inc. (*"Miami News"*) filed its Application relating to the same litigation April 3, 1981.

2. The initial request for access to the records under Chapter 119 was made on February 19, 1989, when *The Miami Herald* demanded that the Respondent permit inspection of:

> All closed files containing the records of completed investigations conducted during the period January 1, 1974, to the present by the Dade County Public Safety Department's Internal Review Section.

3. Respondent conducted no inspection of any of the files demanded, and categorically refused to disclose all of the files or any portion thereof without regard to the content of the files.

4. Subsequent to this denial of its right to inspect, *The Miami Herald* filed its Petition for Writ of Mandamus on March 6, 1979.

5. The *Miami News* applied to intervene in the action in support of *The Miami Herald,* and such application was granted by this Court March 13, 1979. The Dade County Police Benevolent Association ("PBA") intervened in support of Respondent Jones.

6. The Respondent raised five arguments in opposition to the Petition:

   (i)  the records sought contain material required or permitted to be kept from public disclosure by Section 2-18 of the Code of Metropolitan Dade County;

  (ii)  the records sought contain material exempted by the "police secrets·privilege";

 (iii)  the records sought contain material the disclosure of which would violate the Constitutional right of privacy;

 (iv)  inspection would so cripple law enforcement activities as to violate the Separation of Powers doctrine;

  (v)  inspection would violate 42 U.S.C. §3771.

None of these arguments withstood scrutiny:

> (1) Section 2-18 of the County Code may not create exceptions not contained expressly in the State Public Records Law.

> (2) Even if it had been applicable, the "police secrets privilege" would not have justified denying the files requested since they were closed administrative files the contents of which were routinely disclosed to the subejcts of the internal review

proceedings, and the files were not active criminal investigatory files containing information which, if disclosed, would have interfered with the apprehension of a criminal. However, the "police secrets privilege" was not available to Respondent as a ground for refusing to allow exemption since the legislature amended Chapter 119 in 1975 to eliminate such common law exceptions and privileges. The Florida Supreme Court in *B.W. Wait, IV v. Florida Power and Light,* 372 So.2d 420 (Fla. 1979) (reh. den. June 12, 1979), acknowledged this amendment, citing with approval the construction of Chapter 119 in set forth *Veale v. City of Boca Raton,* 353 So.2d 1194 (Fla. 4th DCA 1978), *cert. den.* 360 So.2d 1247 (Fla. 1978). Respondent Jones' sole explanation for his reliance on the "police secrets privilege" is that the petition for rehearing in *Wait* was not denied until after his refusal to allow inspection. This contention ignores the fact that the "police secrets privilege" would not have protected the closed files requested and ignores the pre-existing statutory amendment altogether. Even more important, Respondent failed to conduct any review of the files to determine whether any portion of any file requested contained any information protected by the police secrets privilege, and whether the balance could not have been produced.

(3) No right of privacy is infringed by the disclosure of records of administrative proceedings detailing misconduct by public officials and again Respondent made no effort to examine the files to segregate those few which he claimed involved privacy matters.

(4) No separation of powers argument was applicable since Respondent Jones is not a Constitutional Officer nor a member of the Executive Branch of the State government.

(5) 42 U.S.C. §3771 deals only with the disclosure of data furnished to local governments under the Law Enforcement Assistance Program.

7. Three of Respondent's contentions (e.g. those relating to Section 2-18 of the County Code, Separation of Powers, and 42 U.S.C. §3776) were abandoned at the outset, never to be raised again. The privacy argument was eventually abandoned by the Respondent, was pursued solely by the PBA, and was rejected by this Court. (Order entered November 7, 1980). Once *Wait* became final the Respondent abandoned his reliance on the "police secrets privilege", but still continued to resist disclosure of any records.

8. On August 31, 1979 this Court entered the Amended Modified Peremptory Writ of Mandamus/Final Judgment ordering Respondent Jones to permit inspection of the records. Appeals and further proceedings followed culminating in a Settlement Agreement between the parties and an Amended Final Judgment entered on July 23, 1980 providing for inspection of all portions of all the records except those segments, if any, which enjoyed statutory exemption from Chapter 110.

9. Following the filing of further papers and after hearing argument of counsel this Court entered an Order rejecting all of the claims of statutory exemptions at issue between the parties.

10. Under Section 119.72, Florida Statutes (1979), this Court is mandated to "assess a reasonable attorney's fee" against a governmental agency which "unreasonably refused to permit public records to be inspected." The Court finds under the circumstances presented here that Respondent's refusal was "unreasonable". The blanket denial of the initial request without any inspection of any of the files requested was, in itself, "unreasonable". No attempt was made to offer those files which should have been disclosed even assuming the "police secrets privilege" or privacy to have been viable grounds for refusing to permit inspection of certain files. The Court finds such a blanket denial particularly "unreasonable" when considered against the backdrop of the applicable legal principles enumerated above, all of which supported inspection of the records.

11. Respondent at the hearing of this matter stipulated that if fees were to be awarded the attorneys' fees requested were "reasonable". The Affidavit filed by Petitioner in support of the Motion requests $50,345 in fees, and $2,988.30 in costs. An inspection of the affidavit shows that attorneys, law clerks, and para-professionals from the firm of Paul & Thomson spent a total of 444.19 hours in litigating this action through December, 1980. Thus, the average hourly billing rate for all time billed to *The Miami Herald* by all such personnel approximates $115 per hour. The Motion is also supported by expert affidavits from attorneys familiar with such litigation and the customary fees therefor. This Court is also familiar with the fees charged for legal services in South Florida. The Court agrees with counsel and finds that the fee requested is "reasonable" for legal work securing and protecting the right of access to government records and the right to disseminate news to the public.

12. Prusuant to a stipulation of counsel, the fee to be awarded *The Miami News* is to be in direct proportion to the award granted *The Miami Herald*.

Therefore, Knight-Ridder Newspapers, Inc. shall recover from Respondent the sum of $53,333.30 and The Miami Daily News, Inc. shall recover from Respondent the sum of $20,229.95.