345 So.2d 646 (1977)
NEWS-PRESS PUBLISHING CO., d/b/a the Fort Myers News-Press, Petitioner,
v.
Lavon WISHER, As County Administrator of Lee County, Florida, Respondent.
No. 47088.
Supreme Court of Florida.
February 25, 1977.
Rehearing Denied May 31, 1977.
Steven Carta of Smith & Carta, Fort Myers, for petitioner.
James T. Humphrey, Jr., Lee County Atty.; and Richard V.S. Roosa, Asst. County Atty., for respondent.
Robert L. Shevin, Atty. Gen., and Sharyn L. Smith, Asst. Atty. Gen., for amicus curiae.
Parker D. Thomson and Evelyn Langlieb Greer of Paul & Thomson, Miami, for The Miami Herald Pub. Co., amicus curiae.
PER CURIAM.
On petition for a writ of certiorari we are asked to review a decision of the Second District Court of Appeal, reported at 310 So.2d 345, which holds that petitioner has no right to inspect personnel records of the employees of Lee County. This decision conflicts directly with State ex rel. Cummer v. Pace, 118 Fla. 496, 159 So. 679 (1935), as a consequence of which we have jurisdiction to entertain the petition.[1]
Respondent in this case denied petitioner access to personnel files of county employees after the Board of County Commissioners had voted in public to place a warning of possible termination in the personnel file of an unnamed employee. Petitioner pursued its claim of access by seeking a writ of mandamus from the Lee County Circuit Court. Finding no statutory basis to deny access, that court authorized petitioner's inspection of all county personnel records. On appeal the district court reversed and held that, although these records "are not exempt from Chapter 119 by the specific language ... public policy clearly dictates that they be deemed confidential."[2] The district court reached this result because it felt obliged to consider *647 the broad access question seemingly presented by the trial court's grant of mandamus:
"A reasonable argument can be made for the narrow proposition that the public was entitled to know the details concerning the unnamed department head who the commission saw fit to discuss in its public meeting. Yet, this information was sought by way of mandamus upon the theory that the County Administrator was under a legal duty to permit any member of the public to examine the county personnel files. Therefore, in order to decide this case, we must consider the broad question of whether that duty exists."[3]
The district court quite plausibly tackled the broader and more difficult question of general access raised by the parties. We have concluded, however, that we must dispose of this case on narrower grounds. No employee is before us as a party to raise possible constitutional issues, yet the contentions of the news media petitioner and county respondent revolve around difficult "free press" and "right of privacy" questions. Attempts to limit the decision merely to an analysis of the public records law and to exclude constitutional considerations must fail so long as the general access question is involved.
Petitioner's inability to learn the name of the chastised county department head forced it into court on a claim of absolute right to inspect the county's records under Florida's public records law. Respondent's intransigent refusal to supply the individual's name forced it to defend all county employee records. This impasse led the parties and both courts below into the policy reasons for and against full disclosure of the contents of these records, which in turn involved an evaluation of the public records law itself to determine if it required disclosure, and if not, why not. By reversing the analysis, we can resolve the dispute before us without deciding the broader public policy questions.
In relevant part the law declares that the policy of this state favors open and accessible public records[4] for all "public records",[5] with certain exceptions.[6] Both parties concede that personnel records are "public records" within the statute. The dispute between them focuses on the statutory phrase "deemed by law to be confidential", and whether it connotes only statutory "law" or allows judicial concern for what is or should be confidential as a matter of public policy. The district court, of course, concluded that the latter interpretation was appropriate and that the state's personnel policies are better served by denying public access to county personnel records. This result was dictated by the court's desire to preserve the privacy of employment files, which contain potentially embarrassing or scandalous matters, and which are developed from private sources only because a promise of confidentiality assures that truthful and complete information will be supplied. It was unnecessary for the court to concern itself with these difficult matters, however, since the document originally sought by petitioner was not provided by a private source who had been promised confidentiality. The document was authored by a public body acting in an open public meeting. To be sure the document may have been embarrassing to the employee, but not for the policy reasons which concerned the district court, such as those which suggest a need for confidentiality of health records, psychiatric records, or the records of past indiscretions. *648 No policy of the state protects a public employee from the embarrassment which results from his or her public employer's discussion or action on the employee's failure to perform his or her duties properly.
The implications of general access to personnel files, and the competing rights of individual privacy,[7] were not at stake when the Lee County Commission publicly discussed a department head's performance and voted to warn that person by written communication that a termination of employment was imminently possible. The policy of this state as expressed in the public records law and the open meeting statute[8] eliminate any notion that the commission was free to conduct the county's personnel business by pseudonyms or cloaked references. We cannot allow the purpose of our statutes to be thwarted by such obvious ruses.
For these reasons, and under the circumstances of this case, it is not appropriate to analyze the public records law in its broad aspects to determine how much, if any, of a county employee's personnel record is exempt from public disclosure. The document or documents which identified the name of the department head and expressed the commission's reasons for taking action on his or her continued employment are non-exempt public documents.
We hold that petitioner is entitled to a writ of mandamus commanding the county administrator to produce the name of the county employee against whom public action was taken by the Lee County Commission and the document or documents of warning which were placed in his or her file on direction of the Commission. The decision of the district court is quashed, and the case is remanded with instructions to reinstate the writ of mandamus entered by the circuit court as modified by this decision.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, HATCHETT and ROBERTS (Retired), JJ., concur.
BOYD and SUNDBERG, JJ., concur in result only.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] 310 So.2d at 349.
[3] 310 So.2d at 346.
[4] Section 119.01, Fla. Stat. (1973), states that "All state, county, and municipal records shall at all times be open for a personal inspection of any citizen of Florida, and those in charge of such records shall not refuse this privilege to any citizen."
[5] Section 119.011(1), Fla. Stat. (1973).
[6] Section 119.07(2)(a), Fla. Stat. (1973), provides: "All public records which presently are deemed by law to be confidential or which are prohibited from being inspected by the public, whether provided by general or special acts of the legislature or which may hereafter be so provided, shall be exempt from the provisions of this section."
[7] The constitutional right of privacy which has been formulated to date is discussed in our recent decision of Laird v. State, 342 So.2d 962, filed Feb. 10, 1977 (Fla.). See also, Privacy of Information in Florida Public Employee Personnel Files, 27 U.Fla.L.Rev. 481 (1975).
[8] § 286.011, Fla. Stat. (1975).