353 So.2d 1194 (1977)
STATE of Florida ex rel. Max VEALE, Appellant,
v.
CITY OF BOCA RATON, etc., et al., Appellees.
No. 75-2257.
District Court of Appeal of Florida, Fourth District.
December 20, 1977.
Rehearing Denied February 7, 1978.
Parker D. Thomson and Franklin G. Burt of Paul & Thomson, Miami, for appellant.
William K. Howell, Jr., City Atty., Boca Raton, for appellees.
SCHWARTZ, ALAN R., Associate Judge.
We must decide in this case the important issue which the Supreme Court in News-Press Publishing Co. v. Wisher, 345 So.2d 646 (Fla. 1977), held the Second District need not have decided in Wisher v. News-Press Publishing Co., 310 So.2d 345 (Fla.2d DCA 1975); that is, whether non-statutory public policy considerations may restrict public access to governmental documents otherwise deemed "public records" under the Public Records Act, Fla. Stat. § 119.01 et seq. For the reasons which follow, we conclude that the presently applicable statutory provisions neither recognize nor permit the judicial creation of exceptions to the Act and therefore reverse the contrary conclusion reached below.
The facts which give rise to this controversy are undisputed. In late 1975, the Boca Raton City Council directed Lawrence J. Marchbanks, an Assistant City Attorney, to investigate and prepare a report concerning suspected irregularities in the City's Building Department. Together with his law partner, City Prosecutor Reynolds, Marchbanks carried out this directive and prepared the requested report which he *1195 presented to the Council on December 16, 1975. An accompanying letter by Marchbanks stated that the report demonstrated "probable cause to warrant consideration of sanctions against named individual city employees;" in fact, apparently on the basis of the report, two employees were fired and another was being investigated further. Marchbanks had also turned over his "findings" to the State Attorney's office for further inquiry and such action as that office deemed advisable. At the December 16, 1975 meeting, however, the City Council declined to make the report itself available to the press and public. It did so upon the acceptance of Marchbanks' advice, made on the basis of the Second District's Wisher decision and upon an invocation of the "attorney-client" privilege, that such access could be lawfully refused. Indeed the Council merely ordered the report referred to City Attorney William Howell, who was himself directed to confer with the City Manager as to further appropriate action.
Almost immediately, Max Veale, the Managing Editor of the Boca Raton News, filed a mandamus proceeding against the City, its mayor and manager, and Howell and Marchbanks, to require them to make the report public. Although an alternative writ was issued, the trial court, at which the Attorney-General appeared as an amicus for Veale, dissolved the alternative writ and dismissed the proceeding in a final judgment which recognized the status of the document itself as a "public record" as defined in Fla. Stat. § 119.011(1) (1975) but which stated
"... that the issues herein are governed by the case of Wisher vs. News-Press Publishing Co., 310 So.2d 345 (2 DCA Florida 1975), and that the report in question has been referred to the State Attorney, and that the opening of the investigation report sought by the Petitioner would result in a substantial probability of significant damage to the public. The Court further finds that the subject report is a public record exempted by the doctrine of Wisher vs. News-Press Publishing Co., Supra, and Chapter 119, Florida Statute."
Veale has taken this appeal to review this determination.
The burden of the parties', and particularly the appellees' argument to us in support of their respective positions is concerned with weighty and significant questions of public policy concerning the relative significance of the "public's right to know," on the one hand, and the damage to the proper administration of governmental affairs should allegedly confidential information be publicly revealed, on the other. Perhaps thankfully, we consider that it is neither necessary nor proper for us to resolve this debate and that, to the contrary, the case may be properly decided merely upon an application of well-accepted and prosaic rules of statutory interpretation and stare decisis. We think that the Legislature has told us  and prior decisions have said that it told us  that the document in question may not be shielded from disclosure.
Our analysis begins, of course, with the terms of the statute itself. At all pertinent times, Fla. Stat., § 119.01 (1975) has provided that:
"It is the policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person. [emphasis supplied]."
Fla. Stat. § 119.07(1) (1975) requires the public official with custody of a public record to disclose it to any member of the public, including the media, who wishes to inspect it. Non-disclosure is permitted only if there is an exemption provided by Fla. Stat. § 119.07(2). At the time of the events concerned in the Wisher case, Fla. Stat. § 119.07(2)(a) (1973) provided:
"(a) All public records which presently are deemed by law to be confidential or which are prohibited from being inspected by the public, whether provided by general or special acts of the legislature or which may hereafter be so provided, shall be exempt from the provisions of this section." [emphasis supplied]
In 1975, the Legislature made what we think to be a significant amendment to this *1196 provision by deleting the phrase "deemed by law" and, in effect, substituting the phrase "provided by law". Fla. Stat. § 119.07(2)(a), as it applies to this case, therefore, now reads:
"(a) All public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1)." [emphasis supplied]
While the parties disagree about almost everything else, they do agree that the report in question here is a "public record" under the Act, and that there is no specific statutory provision, contained in either a general or a special act, which renders it confidential or precludes its inspection. It is our view that this agreement to all intents decides the case to the contrary of the appellees' position.
The Supreme Court's decision in Wisher seems in itself to compel this conclusion. For the Court took jurisdiction of the case on the basis of its conclusion, expressed at 345 So.2d 646, that the Second District's Wisher "decision conflicts directly with State ex rel. Cummer v. Pace, 118 Fla. 496, 159 So. 679 (1935) ...". The Second District Wisher decision of course applied a "public policy" exception to the statute. The Pace decision, the continuing viability and applicability of which was emphasized by the Supreme Court in its Wisher opinion, however, specifically holds to the contrary that no non-statutory exception to the Public Records Act may be created by the courts. At 159 So. 681, the Supreme Court there held that:
"The statute applies specifically to `all' municipal records, and, where the legislature has preserved no exception to the provisions of the statute, the courts are without legal sanction to raise such exceptions by implication ..."
We need go no further  and we are not permitted to do so under the doctrine of Hoffman v. Jones, 280 So.2d 431 (Fla. 1973)  than to apply the clear holding of the Pace case to reject the conclusion reached below.
The statutory amendment which occurred after the Wisher events makes the propriety, indeed, the inevitability, of this result all the more clear. The Second District decision was bottomed on the court's conclusion that an exception was properly "deemed by law," that is, created by the law established by judicial decision-making, to exist. In fact, that phrase does connote opinions and decisions of courts and judges. See Brooks v. Stewart, 97 Cal. App.2d 385, 218 P.2d 56, 60 (Cal. 4 DCA 1950); DeStefanis v. Zoning Board of Review, 84 R.I. 343, 124 A.2d 544, 545 (1956); Stringham v. Salt Lake City, 114 Utah 517, 201 P.2d 758, 760 (1949). The term "provided by law" has, however, quite a different meaning. As the court said, in Fountain v. State, 149 Ga. 519, 101 S.E. 294, 295-296 (1919)
"We assume that no one will question that the term `provided by law' means provided by statute law . .."
In fact, no one, at least no court, either before, Lawson v. Kanawha County Court, 80 W. Va. 612, 92 S.E. 786 (1917); or since, Lawing v. Faull, 227 Cal. App.2d 23, 38 Cal. Rptr. 417, 419 (1964); Viculin v. Department of Civil Service, 386 Mich. 375, 192 N.W.2d 449, 460 (1971); appears to have questioned that conclusion. It seems obvious therefore that the very purpose of the statutory amendment was specifically to overrule the Second District Wisher conclusion and preclude judicially-created exceptions to the Act in question. We are required to and do give effect to this clear indication of legislative purpose. State ex. rel. Triay v. Burr, 79 Fla. 290, 84 So. 61 (1920); 30 Fla.Jur., Statutes, § 97, p. 253, and cases cited.
Another familiar principle of statutory construction, expressio unius est exclusio alterius, also leads to this result. Another 1975 amendment to the Public Records Act provided for a new statutory exemption which specifically referred to "investigative reports" such as the one involved in the present case but concerned only such reports made or received by a board or agency in the Department of Professional *1197 and Occupational Regulations. Fla. Stat. Ann. § 455.001 (1976 Supp.). The fact that the Legislature did not except investigative reports made to other governmental entities, including municipalities like Boca Raton, indicates clearly that it did not intend to do so and that we therefore may not do so. The Fifth Circuit so held in Caswell v. Manhatten Fire & Marine Ins. Co., 399 F.2d 417, 422-423 (5th Cir.1968):
"The Florida legislature has chosen to grant a privilege from public disclosure of some records of state agencies . ."
"The legislature has accorded no such privileged status to investigation reports of the State Fire Marshal. Pertinent statutory sections governing reports of the Fire Marshal are set out in the margin. No section contains even a hint that the reports are privileged. In light of the existence of specific statutory privileges for reports of other state agencies, we conclude the Florida legislature has chosen not to confer such status on reports of the Fire Marshal."[1]
The City relies heavily on City Council of City of Santa Monica v. Superior Court, 204 Cal. App. 68, 21 Cal. Rptr. 896 (1962), which it correctly points out is factually almost identical to this case and which was cited at length in the District Court Wisher opinion. But the Santa Monica case is decisively distinguishable from our situation. There, the court noted at 21 Cal. Rptr. 901 that
"Under Government Code, section 1227, public records and other matters are open to inspection `except as otherwise provided.' A recognized exception under this provision is that contained in Code of Civil Procedure, section 1881, subdivision 5, which provides: `A public officer can not be examined as to communications made to him in official confidence, when the public interest would suffer by the disclosure." [emphasis supplied]
Since Florida has no such blanket exception, the contrary result must follow.
In the end, the Legislature has made its decision and we must follow it. In expressing our view of the legal situation before us, we cannot improve upon the language of the Supreme Court of Texas in Industrial Foundation of the South v. Texas Industrial Acc. Board, 540 S.W.2d 668 (Tex. 1976). Even though, unlike Florida's, the Texas Public Records Act expressly contains an exception for information "deemed confidential ... by judicial decision," the court nonetheless held:
"We do not believe that the interpretation proposed by defendants is reasonable. Although the Open Records Act is similar in many ways to the Freedom of Information Act, our State law contains no exception comparable to exception 6 of the federal act. Section 3(a)(2) of the Open Records Act does except `information in personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.' There is no such exception, however, for medical files, or for files `similar' to medical or personnel files, as is found in exception 6 of the federal act. Absent such a provision, we do not believe that a court is free to balance the public's interest in disclosure against the harm resulting to an individual by reason of such disclosure. This policy determination was made by the Legislature when it enacted the statute. All information collected, assembled, or maintained by governmental bodies' is subject to disclosure unless specifically excepted. We decline to adopt an interpretation which would allow the court in its discretion to deny disclosure even though there is no specific exception provided." [emphasis supplied]
We agree. Accordingly, the judgment below is
*1198 Reversed and remanded with directions to issue the peremptory writ of mandamus.
ALDERMAN, C.J., and SMITH, ROBERT P., Jr., Associate Judge, concur.
SMITH, ROBERT P., Jr., Associate Judge, concurring:
Our decision here is that the investigative report presented by assistant city attorney Marchbanks to the city council, concerning asserted irregularities in the building department, is a "public record" within the meaning and application of Chapter 119, Florida Statutes (1975). The majority opinion expresses our unanimous view that Section 119.07(2)(a) intends to and does obliterate common law policies of nondisclosure. The purpose of the 1975 amendment of Section 119.07(2)(a) was plainly to reserve to the legislature the power to determine when public policy requires that the contents of public records should be shielded from public disclosure. With that, I agree. I would simply add to Judge Schwartz' opinion that there is no occasion here for us to intimate a view of any constitutional limitations on disclosure which may exist independently of statutes and public policy as it may have been perceived at common law.
Here, as in News-Press Pub. Co. v. Wisher, 345 So.2d 646, 647 (Fla. 1977), "[n]o employee is before us as a party to raise constitutional issues... ." Here, as there, there is no suggestion that the document sought was "provided by a private source who had been promised confidentiality." The record before us does not contain the Marchbanks report itself, so we are unable to determine whether it contains sensitive information concerning the private lives of employees to which a constitutional claim of privacy may conceivably be applicable. The briefs do not discuss the issues in constitutional terms. In sum, nothing before us makes it necessary or appropriate to "decide in this case the important issue which the Supreme Court in News-Press Publishing Co. v. Wisher . . held the Second District need not have decided in Wisher v. News-Press Publishing Co., 310 So.2d 345 (Fla.2d DCA 1975) . .," as stated in the prefatory sentence of Judge Schwartz' opinion.
To be sure, any discussion of general access to public records may be read as intimating views on latent constitutional questions. As the Supreme Court stated in News-Press,
Attempts to limit the decision merely to an analysis of the public records law and to exclude constitutional considerations must fail so long as the general access question is involved. [345 So.2d at 647]
Constitutional considerations are, indeed, inseparable from a proper analysis of Chapter 119. But it is proper that we reserve our views on the constitutional questions, as did the Supreme Court in News-Press, until a proper case for their resolution is presented. This is not that case.
NOTES
[1] As did the Fifth Circuit, we conclude that the report in question here is not an "investigative police report" arguably restricted from public access under Lee v. Beach Publishing Co., 127 Fla. 600, 173 So. 440 (1937); see Patterson v. Tribune Co., 146 So.2d 623 (Fla.2d DCA 1962).

We also, for the reasons stated by the Second District in Times Publishing Co. v. Williams, 222 So.2d 470, 475-477 (Fla.2d DCA 1969), reject the conclusion that the report may be deemed confidential by an application of the "attorney-client" privilege.