409 So.2d 1089 (1982)
Roland ROBERTS, Ernie Averill, Mike Roeder, Wade Scaffe, and Harry Rodda, As the Duly Elected Board of County Commissioners of Lee County, Florida, and Lavon Wisher, As County Administrator of Lee County, Florida, Appellants,
v.
NEWS-PRESS PUBLISHING CO., INC., d/b/a Fort Myers News-Press, Appellee.
No. 81-685.
District Court of Appeal of Florida, Second District.
January 22, 1982.
Rehearing Denied February 23, 1982.
*1090 James G. Yaeger, County Atty., and Neale Montgomery, Asst. County Atty., Fort Myers, for appellants.
Steven Carta of Smith, Carta & Ringsmuth, Fort Myers, for appellee.
CAMPBELL, Judge.
We have before us another episode in the continuing saga of the News-Press Publishing Company versus Lee County or vice versa. The case reaches us by appeal from the trial court's final judgment granting appellee's petition for a writ of mandamus directed to the appellants as the county commissioners and county administrator of Lee County, Florida. We reverse.
The final judgment ordered appellants to allow appellee immediate general access to all personnel records of Lee County employees without first complying with the conditions imposed by Resolution 80-3-10 of the Board of County Commissioners of Lee County, Florida. That resolution states as follows:
WHEREAS, Chapter 119, Fla.Sta., provides that all state, county and municipal records should at all times be open for the personal inspection by any person; and,
WHEREAS, Chapter 119, Fla.Sta., provides that every person who has custody of public records shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times under reasonable conditions and under the supervision of the custodian of the records or his or her designee; and,
WHEREAS, there are over 1,000 personnel files and/or job applications in the custody of the Lee County Personnel Director of the Lee County Personnel Department; and,
WHEREAS, the Lee County Personnel files and/or job applications contain personal information, educational background, military service records, past employment records and health condition questionnaires and inquiries applicable to each individual employee and job applicant of Lee County; and,
WHEREAS, the Legislature of the State of Florida have provided that County personnel records are public records open for a personal inspection by a person.
NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF COUNTY *1091 COMMISSIONERS OF LEE COUNTY, FLORIDA, that:
1. Pursuant to Chapter 119, Fla.Sta., Lee County personnel records and job applications shall be open for a personal inspection by any person pursuant to the following procedure:
A. The request for personal inspection of a County personnel file or job application will be made in person at the Lee County Personnel Department.
B. That upon a request being made for a personal inspection of a Lee County Personnel file, the Lee County Personnel Department shall, to the extent reasonably possible, notify the Lee County employee whose file is being requested to be inspected that a request to view the file has been made and that same will be made available as set forth in subsections C. and D. hereof. The employee shall have the right to be present at said inspection or examination if she or he so desires.
C. That the Lee County Personnel file and/or job applications shall be made open for examination and inspection no later than twenty-four (24) hours after the request for inspection and examination is made.
D. That said examination of the personnel file and/or job applications will be made in the Lee County Personnel Department and under the supervision of the Lee County Personnel Director or his designee.
E. That all Lee County employees and job applicants be duly advised that job applications and personnel files are available to public inspection.
2. That by this Resolution, the Board of County Commissioners of Lee County, Florida, confirm the foregoing procedure and find that same provides for inspection and examination of Lee County Personnel files and job applications based upon a reasonable time, condition and proper supervision.
3. That the foregoing procedure be adopted as a part of the Lee County Administrative Code.
Appellants raise only two issues which merit discussion, i.e., whether mandamus was the proper remedy for the relief sought by appellee, and whether the Lee County resolution is in violation of the right of access to public records as provided in section 119.07(1)(a), Florida Statutes (1979).
In addressing the mandamus issue, we note that the stipulated facts below show that appellee had inspected the two personnel records it had requested prior to the filing of its petition in the trial court. In one case, appellee's reporter requested the record and when he was informed of the conditions of the resolution, he left without objecting and returned at his election several days later and inspected the record in the presence of the employee whose record was being examined. In the other case, the reporter did object when he was informed of the conditions. The employee whose record was sought was in Chicago and expressed a desire to be present at the inspection. However, when the reporter returned at his election several days later, rather than the twenty-four hours permitted by the resolution, the record was produced even though the employee was not present.
Since the only records specifically sought to be inspected were produced prior to appellee's petition below, appellants argued before the trial court and here that the issue was moot and, therefore, mandamus was not proper. Appellee argued, and the trial court relied on, State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904 (Fla. 1977), to hold that the underlying issue of the reasonableness of the conditions of the Lee County resolution was not moot and the court had jurisdiction to determine the issue by means of appellee's petition for mandamus. State ex rel. Miami Herald Publishing Co. v. McIntosh does not appear to us to be controlling. That case concerned a pretrial "gag" order limiting the press in its reporting of a criminal trial. By the time the Florida Supreme Court reached the issue on a petition for certiorari, the trial had concluded. The court determined that whether the issue was moot in that case did not prevent its *1092 exercise of jurisdiction on the petition for certiorari. Relying on Nebraska Press Association v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976), the Florida Supreme Court held the issue "not moot since the controversy between the parties is capable of repetition, yet evading review." State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d at 911 (Emphasis added.) Here, the issue does not evade review for the appellee has an available remedy by injunction or by way of declaratory judgment. State ex rel. Haft v. Adams, 238 So.2d 843 (Fla. 1970). In addition, as was held in City of Winter Garden v. Norflor Construction Corp., 396 So.2d 865, 866 (Fla. 5th DCA 1981), "Mandamus is an extraordinary writ and discretionary remedy and should not be granted when it will achieve no beneficial result such as when the act sought to be compelled has been performed." The supreme court has said in State ex rel. Allen v. Rose, 123 Fla. 544, 167 So. 21, 24 (1936):
Rights and remedies are so closely interwoven in the law that it becomes necessary to clearness of thought and the efficiency of judicial procedure to preserve as distinctly as possible the lines of demarcation between the different forms of remedies. Rights are more important than remedies and substantive law is more important than adjective law. But both are important. Remedies are a means to an end. The end is the efficient ascertainment and administration of justice under the law. But this highly desirable end can be best reached when the proper means to arrive at it are adopted.
However, the validity of the Lee County resolution is an important issue to the parties before this court and to the employees of the county. We also anticipate that this is not the end of "the continuing saga" and since the merits of the issues have been ably and adequately addressed by the parties, we are not inclined to dispose of the case on a technical pleading issue. The availability of public records for inspection is and will continue to be a unique issue that deserves an expeditious determination if the public records law is to have meaning. The spirit of the provision of Article V, section 2(a) of the Constitution of the State of Florida, that no cause be dismissed because an improper remedy has been sought, causes us in this unique factual circumstance to proceed on to the question of the validity of the Lee County resolution. In doing so, a look at the facts, history, progression and reasoning of the cases dealing with not only the Lee County situation but with the other cases concerning access to personnel records in general is helpful in understanding our final disposition of this case. We anticipate our disposition will provide prompt access to personnel records and still afford those whose records are being inspected an opportunity to protect any private rights they may have.
The first case to specifically address the issue of public access to personnel records of a public agency was Judge Grimes' opinion for this court in Wisher v. News-Press Publishing Co., 310 So.2d 345 (Fla. 2d DCA 1975). That case grew out of a discussion by the Lee County Board of County Commissioners of the possible termination of employment of a department head and the subsequent decision to place a warning letter in the unidentified employee's personnel file. In order to identify the employee and examine the warning, the Fort Myers News-Press demanded to examine the personnel files of all the county department heads and was refused. The refusal resulted in a writ of mandamus ordering such an examination be allowed. On appeal, this court considered whether there was any public policy of the state that clearly dictated that personnel records be considered privileged so as to be exempt from chapter 119. This court concluded that there was such a public policy of confidentiality of personnel records so as to prevent general access to all personnel records, as had been ordered by the trial court's writ of mandamus. In doing so, it recognized that the records of individual employees would be subject to access by anyone having an interest in a suitable proceeding in which the employee was a party. In News-Press Publishing Co. v. Wisher, 345 So.2d 646 (Fla. *1093 1977), the supreme court expressly declined to reach the "broader and more difficult question of general access" to personnel records that had been addressed by this court." Id. at 647. In noting that the trial court's writ of mandamus ordered inspection of all county personnel records and in quashing this court's decision, the supreme court modified the trial court's writ of mandamus to command only that the county administrator produce the name of the county employee involved and the document or documents which were ordered placed in his or her file by the county commission. Interestingly, the supreme court did not require production of that employee's entire personnel file. In its decision, it recognized a potential problem arising from "[t]he implications of general access to personnel files, and the competing rights of individual privacy." Id. at 648. The supreme court also expressly refused to "analyze the public records law in its broad aspects to determine how much, if any, of a county employee's personnel record is exempt from public disclosure." Id. at 648. In that regard, the public records law in section 119.07(3)(c) expressly exempts from disclosure questions and answers of examinations administered for the purpose of, among other things, employment. Thus, from the statute itself we see that it is not only possible but probable for a personnel file to contain exempt or privileged information which an employee might be unable to protect unless the employee is involved in the disclosure process.
The next case which touched on the question of what right of private privilege, independent of statutes or public policy as perceived at common law, may exist in regard to contents of personnel records, was State ex rel. Veale v. City of Boca Raton, 353 So.2d 1194 (Fla. 4th DCA 1978). The majority in Veale determined that it was necessary for them to decide the issue which this court addressed in its Wisher decision, but which the supreme court held in News-Press was not necessary; that is, whether nonstatutory public policy considerations may restrict public access to public records. The court in Veale determined, on the basis of its construction of the then amended section 119.07(3)(a) and pursuant to News-Press, that there was no such "public policy" exemption. However, in his concurring opinion in Veale, Judge Robert P. Smith, Jr., points up that the proper case had not yet been presented to the courts to resolve the latent question of whether, as opposed to "public policy" limitations, any constitutional limitations on disclosure may exist independent of statutes and public policy. Judge Smith there concluded that "it is proper that we reserve our views on the constitutional questions, as did the Supreme Court in News-Press, until a proper case for their resolution is presented." Id. at 1198.
The supreme court in Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979), next recognized a potential constitutional question. In a footnote to that opinion, the court said, "Whether or not there is a constitutional right of privacy which limits the Public Records Act is not presented, and we do not consider that issue in the present case." Id. at 422 n. 1.
The latest Florida case to consider the issue of possible constitutional rights of nondisclosure is Shevin v. Byron, Harless, Schaffer, Reid & Associates, 379 So.2d 633 (Fla. 1980). In this case, the supreme court considered the existence of such rights in regard to the particular facts of that case and concluded on those facts that no such federal or state constitutional rights existed. The supreme court did not finally determine the issue of whether, in the proper factual posture, such constitutional rights of privacy exist so as to protect portions of public records from public access regardless of chapter 119. In that case, Justice Overton, and Chief Justice England in concurring and Justice Adkins in dissenting, certainly felt such a right may well exist. The existence of such a right under the Florida Constitution has probably been laid to rest, however, by the adoption in 1980 of section 23 to Article I of the Florida Constitution. That section expressly provides for a right of privacy but also restricts that right so as not to limit the public's right of access to public records and meetings as provided by *1094 law. The question of such a federal right has not been so clearly decided, though Fadjo v. Coon, 633 F.2d 1172 (5th Cir.1981), certainly seems to express that such a right exists. The court there, in responding to an argument based on Wait v. Florida Power & Light Co., states, "Whatever the retroactive impact of Wait upon Florida law, it is clear that the legislature cannot authorize by statute an unconstitutional invasion of privacy." 633 F.2d 1172, 1176 n. 3. When Fadjo is considered in conjunction with Whalen v. Roe, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), and Nixon v. Administrator of General Services, 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977), both discussed at length in Shevin v. Byron, Harless, Schaffer, Reid & Associates, it seems clear that there is a potential federal constitutional right of disclosural privacy for employees that may exist in addition to the limited statutory exemptions in regard to the contents of personnel files.
If, then, there are federal constitutional rights of nondisclosure as well as statutory exemptions from the public records law, what is the process by which those rights and exemptions are to be exercised? For the most part, the courts have declined to address these issues, relying on the fact that "[n]o employee is before us as a party to raise possible constitutional issues." News-Press Publishing Co. v. Wisher, 345 So.2d 646, 647. We agree with the statement in the News-Press case that it was there and it is here "not appropriate to analyze the public records law in its broad aspects to determine how much, if any, of a county employee's personnel record is exempt from public disclosure." Id. at 648. Yet, if a right or exemption exists regarding a portion of the contents of an employee's personnel file, how is it ever to be determined which of the contents may be exempt unless the employee is brought into the disclosure process so as to exercise those rights or exemptions and thereby be a party to any enforcement proceeding under the public records law?
Section 119.07(1)(a) provides that those having custody of public records shall permit them to be inspected "at reasonable times, under reasonable conditions." In issuing its writ of mandamus holding the Lee County resolution unnecessarily restrictive, the trial court relied on the holding of Wait that:
It is clear to us that this statutory phrase refers not to conditions which must be fulfilled before review is permitted but to reasonable regulations that would permit the custodian of the records to protect them from alteration, damage, or destruction and also to ensure that the person reviewing the records is not subjected to physical constraints designed to preclude review.
372 So.2d at 425.
While we agree that no conditions are proper which would tend to deny access, we do find that an enlargement of the Wait statement is warranted. That enlargement would include reasonable regulations that would permit an employee whose file is being sought an opportunity to protect contents of the file that might be the subject of any statutory or constitutional privilege. The public records law recognizes that access may be denied to exempt or privileged matters. Section 119.07(2)(a), for instance, provides that any person who has custody of public records, who asserts that an exemption provided in section 119.07(3) or in general or special law applies, shall delete from the file the items for which the exemption is asserted. Exempted by section 119.07(3) are records which are presently provided by law to be confidential or which are prohibited by general or special law from being inspected by the public. However, such a statutory privilege or exemption or any constitutional right of nondisclosure will most often be personal to the employee and, therefore, subject to being asserted only by the employee and not by the custodian of the file. As we have observed, our courts have often based their refusal to recognize such rights on the fact that it was the custodian and not the employee who was the party before the court. We conclude that a temporary delay in the right of access to personnel records, in order *1095 to allow an employee a reasonable time to determine whether to assert any existing right of exemption or confidentiality, seems only logical and reasonable. The Lee County resolution, we find, imposes such reasonable conditions in allowing employees twenty-four hours' notice and the right to be present at any inspection of their personnel files. The right to be present may well result in the employee waiving any right of privilege or confidentiality, and, therefore, work to the advantage of prompt access to the records. In regard to the reasonableness of the twenty-four hour delay, it is significant that section 119.11 requires that whenever a court orders an agency to open its records for inspection in accordance with the provisions of chapter 119, the agency shall comply with such order within fortyeight hours, unless otherwise provided by the court issuing such order. Thus, it seems that the practical effect of the Lee County resolution may be to lessen the time within which questionable items might be made available for inspection.
We think it is also important to point out that in contrast to certain other public records, personnel records are not kept as a principal function of a public agency. They are merely an internal agency function maintained to facilitate the primary purpose of that particular agency. There is no longer any question that personnel records are public records and, therefore, subject to access. However, in light of the purpose of personnel files and because of the potential rights of the employee in their contents, a short delay in access to allow an employee an opportunity to protect potential rights does not seem to us to be an undue restriction on those seeking access.
We, therefore, conclude that Resolution 80-3-10 of the Board of County Commissioners of Lee County, Florida, does not impose unreasonable conditions under section 119.07(1)(a). We, therefore, quash the writ of mandamus of the trial court and reverse and remand for treatment consistent herewith.
SCHOONOVER, J., concurs.
SCHEB, C.J., dissents with opinion.
SCHEB, Chief Judge, dissenting.
The narrow question before the court is whether the twenty-four hour delay which may be imposed between a request to examine personnel records and the time the county permits for inspection violates the right of access provided by section 119.07(1)(a), Florida Statutes (1979). If so, Resolution 80-3-10 is invalid.
I agree that we should reach the issue raised here, notwithstanding the fact that News-Press has already inspected the records it requested. Issues over access to public records are susceptible to repetitive occurrence. Therefore, the court should reach these issues and furnish guidance for the future. Moreover, mandamus was a proper remedy for News-Press to pursue since disclosure of public records is a ministerial and not a discretionary function. Mills v. Doyle, 407 So.2d 348 (Fla. 4th DCA 1981).
The reasoning of the majority is persuasive. However, I think the result it reaches is foreclosed by the statutory language of the Public Records Act, as the legislature has preempted the right to legislate in the area of access to public records.
Section 119.07, Florida Statutes, provides:
(1)(a) Every person who has custody of public records shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee... .
......
(2)(a) Any person who has custody of public records and who asserts that an exemption provided in subsection (3) or in general or special law applies to a particular record shall delete or excise from the record only that portion of the record for which an exemption is asserted and shall produce for inspection and examination the remainder of such record.
*1096 The majority concludes that the twenty-four hour delay does not conflict with the quoted statute because the statute provides that inspection is to be "at reasonable times, under reasonable conditions." I disagree. I interpret the statutory language merely to limit examination of public records to regular business hours in the presence of a qualified person. In Wait v. Florida Power and Light Co., 372 So.2d 420, 425 (Fla. 1979), the supreme court noted that the statutory language "at reasonable times, under reasonable conditions," does not refer to conditions which must be fulfilled before review of public records is permitted. If a twenty-four delay in Lee County is permissible, longer delays in other counties could be upheld. This would lead to a lack of uniform accessibility to public records. Moreover, it would have a chilling effect on the right of the press to promptly examine public records.
As the majority points out, personnel records are public records. And while the supreme court in News-Press Publishing Co. v. Wisher, 345 So.2d 646 (Fla. 1977), declined to determine the question of general access to personnel records, the Fourth District in State ex rel. Veale v. City of Boca Raton, 353 So.2d 1194 (Fla. 4th DCA 1978), has addressed the issue. In Veale the Fourth District concluded that the legislature foreclosed any judicial exemptions to the disclosure and examination of personnel records since the legislature in 1975 changed section 119.07(2)(a) to permit only those exemptions "provided by law." This view was endorsed by the supreme court in Wait.
Moreover, in Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980), the court held that there was no state or federal right of privacy in respect to disclosure of papers prepared by a consultant on a confidential basis where the purpose was to assist a municipal utility in filling a managerial position. After Shevin, as the majority notes, any claim of state constitutional right of privacy in public records was foreclosed by the adoption of the amendment of section 23, Article I, Florida Constitution.
Resolution 80-3-10, to the extent it permits a twenty-four hour delay, conflicts with section 119.07(1)(a), and is invalid. Therefore, I would affirm the judgment. Accordingly, I respectfully dissent.