458 So.2d 1075 (1984)
The TRIBUNE COMPANY, Petitioner,
v.
Norman CANNELLA, Chief Assistant State Attorney, Cynthia Sontag, Director of Administration of the City of Tampa, Robert DePerte, Robert Jones, and Roy Pierce, Respondents.
Robert DePERTE, Robert Jones, and Roy Pierce, Petitioners,
v.
The TRIBUNE COMPANY, Respondent.
Nos. 64450, 64453.
Supreme Court of Florida.
September 6, 1984.
Rehearing Denied December 20, 1984.
*1076 Julian Clarkson, Gregg D. Thomas, Steven L. Brannock and Mike Piscitelli of Holland & Knight, Tampa, for The Tribune Co., petitioner/cross-respondent.
Joseph G. Spicola, Jr., City Atty., and Luis G. Figueroa, Asst. City Atty., for Cynthia Sontag, Director of Administration of the City of Tampa.
Edwina J. Duryea and R. Jeffrey Stull of Stull & Heidt, Tampa, for DePerte, Jones and Pierce.
Jim Smith, Atty. Gen., Mitchell D. Franks, Chief Trial Counsel and Eric J. Taylor, Asst. Atty. Gen., Tallahassee, amicus curiae for State of Florida.
George K. Rahdert of Rahdert, Anderson & Richardson, St. Petersburg, and Richard J. Ovelmen, Gen. Counsel, Miami, amici curiae for Times Pub. Co. and The Miami Herald Pub. Co.
EHRLICH, Justice.
This case is before us to answer questions certified to be of great public importance. Tribune Co. v. Cannella, 438 So.2d 516 (Fla. 2d DCA 1983). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The Tampa Times, a now-defunct afternoon newspaper published by the Tribune Co., sought release of the personnel files of three Tampa police officers, pursuant to the Public Records Act, chapter 119, Florida Statutes (1981). The officers had been involved in an incident where a suspect was shot and killed. Sontag, director of administration for the City of Tampa and custodian of the records requested, refused to release the files. Her refusal was based on a city policy of delaying release of personnel files seven days pending notice to the affected employee. The delay had been reduced to three days before the district court filed its opinion. The newspaper persisted in demanding the files, leading to actions in both state and federal court, by the newspaper and by the city and the officers. Following three weeks of intricate legal maneuvering, the city released the personnel files.
During the maneuvers, the newspaper had filed a petition for a writ of certiorari with the Second District Court of Appeal. Although the files had been released, the district court took jurisdiction because the problem was "capable of repetition yet evading review." Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). In an en banc decision, the Second District held, 5-4, that government employee personnel files could be automatically withheld for 48 hours, to allow employees an opportunity to raise any claims that the information should be withheld permanently because *1077 of privacy interests.[1] The court also certified two questions to this Court:
I. May disclosure of nonexempt public records automatically be delayed for a specific period of time for any reason?
II. If the answer to the first question is yes, what is the maximum permissible delay period, and for what purpose or purposes may the delay period be invoked?
The Tribune challenges the holding that a 48-hour delay is permissible, while the officers have cross-petitioned, urging that they have a privacy interest which must be protected by an automatic delay to allow time to raise the issue. The Court allowed the briefing on the two cases to be consolidated. We hold that no automatic delay is permitted and answer the first question in the negative. The second question is mooted.
We base our decision on the fundamental principle that a municipality may not act in an area preempted by the legislature. We agree with Judge Lehan's cogent dissent to the opinion below on this point, 438 So.2d at 525-26.
Under [the preemption] doctrine a subject is preempted by a senior legislative body from the action by a junior legislative body if the senior legislative body's scheme of regulation of the subject is pervasive and if further regulation of the subject by the junior legislative body would present a danger of conflict with that pervasive regulatory scheme... . Florida law, under section 166.021, Florida Statutes (1981), which cites article VIII, section 2(b) of the Florida Constitution, includes a more restrictive application of the preemption doctrine, precluding preemption and leaving "home rule" to municipalities unless the legislature has expressly said otherwise.
Id. at 525. See Rinzler v. Carson, 262 So.2d 661, 668 (Fla. 1972) ("A municipality cannot forbid what the legislature has expressly licensed, authorized or required, nor may it authorize what the legislature has expressly forbidden."); State ex rel. Johnson v. Johns, 92 Fla. 187, 109 So. 228 (1926).
The legislature has clearly preempted local regulation vis-a-vis delay in the release of public records. The Public Records Act, chapter 119, Florida Statutes (1981), provides that "It is the public policy of this state that all state, county and municipal records shall at all times be open for a personal inspection by any person." Section 119.01(1). This fundamental policy in essence places all government records on the table for open inspection by all. While there are certain statutory exemptions from this initial disclosure, section 119.07 and the statutes cross-referenced therein, the public disclosure of the content of all nonexempt records occurs at the moment they become records. See, e.g., Shevin v. Byron, Harless, Schaffer, Reid and Associates, 379 So.2d 633 (Fla. 1980) (information becomes public record when it is "prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type." Id. at 640); Wait v. Florida Power and Light Co., 372 So.2d 420 (Fla. 1979) (exemptions limited solely to those provided by statute).
To literally place the records on the public table would be unrealistic. The legislature thus provided a procedure for making the records available for inspection. Section 119.07(1)(a) mandates that "Every person who has custody of public records *1078 shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of records or his designee." Section 119.07(2)(a) provides that if the custodian believes certain items are statutorily exempt he "shall produce for inspection and examination" the record with the asserted exempt material deleted. Section 119.11 provides for an accelerated court hearing when, inter alia, the party seeking to inspect a record challenges the exemption asserted by the custodian under section 119.07(2)(a). The effect of these cited sections of the Act is to provide for timely inspection of the records, with the exception of statutory exemptions asserted by the custodian, which may be challenged by an accelerated court hearing. In essence, the custodian is mandated to place any nonexempt requested record "on the table" for inspection, at reasonable times and under reasonable conditions.
We have already held that reasonable items and conditions
refers not to conditions which must be fulfilled before review is permitted but to reasonable regulations that would permit the custodian of records to protect them from alteration, damage, or destruction and also to ensure that the person reviewing the records is not subjected to physical constraints designed to preclude review.
Wait, 372 So.2d at 425. No provision is made for anyone other than the custodian of records to withhold a record, and the only justification for withholding a record or a portion thereof is the custodian's assertion of a statutory exemption.
The City of Tampa and the police officers urge that an automatic delay is necessary to allow the officers to be present during the inspection of their records,[2] and to allow them time to raise any constitutional claim that the records should not be opened for inspection. To agree with these positions would cause us to write into the statute something that is not there, and this we decline to do.
Delaying inspection to allow an employee to be present during the inspection of his personnel records is not within the legislative scheme. The Act provides for the custodian or his designee to supervise the inspection of records. Section 119.07(1)(a). The sole purpose of custodial supervision is to protect the records from "alteration, damage, or destruction." Wait. The Act does not provide that the employee be present during the inspection, nor even that the employee be given notice that an inspection has been requested or made. The employee's presence could serve no legally cognizable purpose, and any delay to allow such presence is therefore inconsistent with the Act, which contemplates only the reasonable custodial delay necessary to retrieve a record and review and excise exempt material.
As to the argument that an automatic delay is necessary to allow an employee time within which to raise a constitutional challenge, we can only say that the time when the record is requested is not the time to raise such a challenge. The only challenge permitted by the Act at the *1079 time a request for records is made is the assertion of a statutory exemption pursuant to section 119.07. The only person with the power to raise such a challenge is the custodian. The employee therefore has no statutory right at the time a request for inspection is made. When the records are on the table, the purpose of the Act would be frustrated if, every time a member of the public reaches for a record, he or she is subjected to the possibility that someone will attempt to take it off the table through a court challenge. Likewise, an automatic delay, no matter how short, impermissibly interferes with the public's right, restrained only by the physical problems involved in retrieving the records and protecting them, to examine the records. The legislature has placed the books on the table; only it has the power to alter that situation.
We therefore hold that the legislative scheme of the Public Records Act has preempted the law relating to any delay in producing records for inspection. The only delay permitted by the Act is the limited reasonable time allowed the custodian to retrieve the record and delete those portions of the record the custodian asserts are exempt.[3]
Accordingly, the decision of the district court is quashed.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
NOTES
[1] The district court also held that the officers had no privacy interest in their personnel records, and that personnel records could never be criminal investigative or intelligence information which are exempted from inspection by section 119.07(3)(d). Cannella had subpoenaed the records after the newspaper made its inspection request, and the city complied without retaining copies of the files, thereby rendering it temporarily unable to comply with the inspection request. Cannella then claimed the records were exempt as part of his investigation into the death of the suspect. The district court found this to be an improper "shell game" thwarting inspection and suggested a method to prevent such games in the future. 438 So.2d at 523. These issues were not raised in this Court.
[2] The second district did not discuss in its opinion the right to be present during an inspection. However, the court relied heavily on its prior decision in Roberts v. News-Press Publishing Co., 409 So.2d 1089 (Fla. 2d DCA), review denied, 418 So.2d 1280 (Fla. 1982). In that case, the court found a 24-hour delay to be reasonable to allow an employee time to challenge the release of information as being statutorily exempt or protected by a constitutional right, and to allow the employee to be present during the inspection. In the instant case, the district court's references to Roberts avoid mention of the right to be present. However, Sontag's counsel urged at oral argument that the right to be present was one rationale for an automatic delay. Sontag urges in her brief that an automatic delay to permit the employee to be present may in fact further the goals of the Act, quoting from Roberts: "The right to be present may well result in the employee waiving any right of privilege or confidentiality, and, therefore, work to the advantage of prompt access to the records." 409 So.2d at 1095. Although the instant case apparently does not involve a regulation designed to allow the employee to be present, unlike the ordinance in Roberts, we find it necessary to address the issue because it has been raised.
[3] We are aware of the 48-hour deadline of section 119.11(2) upon which the court below relied in determining what would constitute a reasonable period for an automatic delay. This section merely provides a two-day grace period for a custodian to appeal an inspection order and can have no effect on the custodian's obligation to timely produce records for which he asserts no statutory exemption.