PEARSON, TILLMAN (Ret.), Associate Judge.
The appellant, R.L. Bland, was the plaintiff in the trial court, where he suffered a summary final judgment. Thereafter a supplemental final order was entered *1116 awarding an attorney’s fee and costs to the defendant upon a finding that the underlying action was frivolous. In this appeal of the supplemental final order, error is urged in the holding that the cause was frivolous. We conclude that justiciable issues were presented in this case, and we therefore reverse the award of an attorney’s fee.
The plaintiff, an employee of the defendant County, sought relief from an action of the County Commission upon an allegation that the Commission’s action was taken in violation of the Sunshine Law, § 286.011, Fla Stat. Plaintiff lost his case, primarily because he could not prove that any “secret meeting” took place prior to the official action of the Commission. However, the facts presented did create a justiciable issue. During an open public meeting the Commission voted unanimously to approve three “personnel action forms.” The person involved was identified only by a code number for the person’s position as a County employee. There was no discussion or comment of any kind prior to the vote approving the forms. It was thus virtually impossible for citizens present at the meeting to tell what the subject of the vote was or the nature of the action taken. The “personnel action forms” were in fact written reprimands of the appellant.
The manner in which the official action was taken deprived the public of any contemporaneous knowledge of what was going on, and appeared to be designed to prevent discussion of any kind. Under these circumstances one of several inferences reasonable people might draw could be that the Commissioners had no need to discuss the action being taken because they had already discussed and decided the issue before the public meeting. Thus a justicia-ble issue was raised as to whether there was a privately agreed upon result reached at a non-public meeting. News-Press Publishing Co. v. Wisher, 345 So.2d 646 (Fla.1977). This conclusion is in accordance with the established law that the Sunshine Law is to be broadly construed to effect its intended purpose of protecting the public from “closed door” politics. Wood v. Marston, 442 So.2d 934 (Fla.1983).
The supplemental final order on appeal is affirmed insofar as it awards costs to ap-pellee, but is otherwise reversed, and the cause is remanded with directions to deny the appellee’s motion for attorney’s fees.
SHIVERS and ZEHMER, JJ., concur.