The Honorable Fred Galey Supervisor of Elections Brevard County Post Office Box 1119 Titusville, Florida 32781-1119
Dear Mr. Galey:
You ask substantially the following question:
Is an individual or group inspecting ballots pursuant to Ch. 119, F.S., precluded from counting votes for an individual candidate in any precinct or race?
In sum:
An individual or group is entitled to inspect the ballots and may take notes regarding the number of votes cast. Section 119.07, F.S. (1992 Supp.) prohibits any person other than the supervisor of elections or his employees from touching the ballots. The notes or count taken by the individual or group do not constitute a recount of ballots for purposes of the Florida Election Code.
According to the information provided to this office, the Supervisor of Elections of Brevard County has received a request to examine and count certain selected precinct ballots of the 1992 general election. You are concerned that individuals, by counting the ballots during their inspection pursuant to Ch. 119, F.S., will be conducting a recount of the ballots. Initially, I would note that this opinion is confined to a consideration of your responsibilities under Ch. 119, F.S., the Public Records Law. Any question arising under the Florida Election Code, Chs. 97-106, Laws of Florida, should be addressed to the Division of Elections in the Department of State, which is authorized to render advisory opinions regarding the interpretation of the Election Code.[1] It is a general policy of this state that the records of the state and local government shall be open for inspection by any person.[2] Such a right of access is now recognized in our State Constitution.[3] Pursuant to s. 119.07(1)(a), F.S. (1992 Supp.), every person having custody of a public record "shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee." Only those public records which are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the disclosure provisions of s. 119.07(1), F.S. (1992 Supp.).[4] I am not aware of, nor have you drawn my attention to, any provision of law which makes ballots or ballot stubs confidential or exempt from disclosure. Section 119.07(1) , F.S. (1992 Supp.), however, provides:
When ballots are produced under this section for inspection or examination, no persons other than the supervisor of elections or his employees shall touch the ballots. The supervisor of elections shall make a reasonable effort to notify all candidates by telephone or otherwise of the time and place of the inspection or examination. All such candidates, or their representatives, shall be allowed to be present during the inspection or examination.
While s. 119.07(1) , F.S. (1992 Supp.), places restrictions on who may handle the ballots, it does not remove the ballots from the inspection requirement of s. 119.07(1), F.S. (1992 Supp.). Nor am I aware of any provision restricting full inspection of the ballots other than the restriction contained in s. 119.07(1) , F.S. (1992 Supp.), that no persons other than the supervisor of elections or his or her employees may touch the ballots. This office has previously stated that a custodian of public records may not impose a rule or condition on inspection which operates to restrict or circumvent a person's right of access.[5]
You have expressed your concern that individuals making notations or counting ballots during their inspection of such ballots pursuant to s. 119.07(1) , F.S. (1992 Supp.), would constitute a recount of such ballots in violation of the Florida Election Code. While questions involving the interpretation of the election code should be addressed to the Division of Elections, I would note that s. 101.5615, F.S., states that recounts and election contests shall be conducted as provided for in the election code. Section102.166, F.S., provides for the protest of election returns and the recounting of ballots.[6] Clearly, therefore, any notations or count made by individuals during their inspection of the ballots or ballot stubs pursuant to s. 119.07(1), F.S. (1992 Supp.), would not constitute a recount of the election returns and, thus, could not be used to challenge the results of an election under the Florida Election Code. I cannot, however, conclude that the provisions of the Florida Election Code which requires that a recount of election returns shall be as prescribed in the code imposes a limitation or restriction on the inspection of the ballots under Ch. 119, F.S., by prohibiting an individual from taking notes while inspecting such ballots.
Moreover, an individual requesting access to inspect such records under Ch. 119, F.S., need not show a special interest or legitimate interest in the public record before being allowed to inspect the records. As the court stated in Lorei v. Smith,[7] the legislative objective underlying the creation of chapter 119 was to insure to the people of Florida the right freely to gain access to governmental records. The purpose for such inquiry is immaterial.
Nor may an agency refuse to allow inspection on the grounds that the request is overbroad or extensive. The courts have recognized that the breadth of the right to inspect is virtually unfettered, save for statutory exemptions.[8] If, however, the nature or volume of the records to be inspected is such as to require extensive clerical or supervisory assistance, or both, s.119.07(1)(b), F.S. (1992 Supp.), authorizes the imposition of a special service charge.[9] Such charge must be reasonable and must be based upon the actual labor cost of the personnel providing the service incurred by the agency.
Accordingly, I am of the opinion that an individual or group is entitled to inspect the ballots and may take notes regarding the number of votes cast. Section 119.07, F.S. (1992 Supp.), however, prohibits any person other than the supervisor of elections or his employees from touching the ballots. Moreover, the notes or count taken by such individual or group do not constitute a recount of ballots for purposes of the Florida Election Code.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 106.23(2), F.S.
[2] Section 119.01(1), F.S. And see, s. 119.07(1)(a), F.S. (1992 Supp.).
[3] See, s. 24(a), Art. I, State Const., effective July 1, 1993.
[4] Section 119.07(3)(a), F.S. (1992 Supp.). And see, s. 24(d), Art. I, State Const., stating that all laws in effect on July 1, 1993, that limit public access to records or meetings shall remain in force until they are repealed.
[5] See, AGO 75-50. See generally, Tribune Company v. Cannella,458 So.2d 1075 (Fla. 1984), appeal dismissed sub nom., DePerte v. Tribune Company, 105 S.Ct. 2315 (1985), holding that any local enactment or policy purporting to dictate additional conditions or restrictions on access to public records is of dubious validity since Ch. 119, F.S., constitutes a legislative preemption of this subject. Cf., Salavador v. City of Stuart, Case No. 91-812 CA (19th Cir. Martin Co., December 17, 1991) (Even though a public agency may believe that a person or group are fanatics, harassers or are extremely annoying, the public records are available to all of the citizens of the State of Florida).
[6] And see, s. 102.167, F.S., which sets forth the form for the protest of election returns; and s. 102.168, F.S., which provides for the contesting of an election in the circuit court.
[7] 464 So.2d 1330, 1332 (2 D.C.A. Fla., 1985), petition for review denied, 475 So.2d 695 (Fla. 1985).
[8] See, Lorei v. Smith, supra; Sullivan v. City of New Port Richey, Case No. 86-1129 CA (6th Cir. Pasco Co., May 22, 1987), affirmed, 529 So.2d 1124 (2 D.C.A. Fla., 1988) (it is clear from the statute that no objection based on the breadth of the request can stand); AGO 92-38.
[9] Section 119.07(1)(b), F.S. (1992 Supp.), also authorizes the imposition of the special service charge when extensive use of the information technology resources is required.