Mr. Richard M. Weiner Sugarman Susskind 2801 Ponce De Leon Boulevard Suite 750 Coral Gables, Florida 33134
Dear Mr. Weiner:
On behalf of the Board of Trustees of the Fort Lauderdale Fire Fighters Insurance Trust Fund you have asked for my opinion on the following question:
Is the Board of Trustees of the Fort Lauderdale Fire Fighters Insurance Trust Fund subject to the Government in the Sunshine Law, section 286.011, Florida Statutes?
In sum:
The Board of Trustees of the Fort Lauderdale Fire Fighters Insurance Trust Fund is subject to the Government in the Sunshine Law, section 286.011, Florida Statutes.
The Fort Lauderdale Fire Fighters Insurance Trust Fund was created in August of 1981 pursuant to an Agreement and Declaration of Trust between the City of Fort Lauderdale and the Fire Fighters Union. The transfer of this responsibility to the union was the result of a collective bargaining agreement. The purpose of the trust fund was to receive contributions on behalf of the city and each employee, and to administer these funds and provide insurance benefits to the participants and their beneficiaries.[1]
Prior to entering into this agreement, the city provided insurance benefits directly to its fire department employees. The city continues to administer insurance benefit plans for all other city government employees.
The trust fund board is composed of the president, secretary and treasurer of the union, and these officers sit on the board for as long as they retain their union office.[2] The board of trustees shall, and the union may, initiate action to remove trustees as provided for in the agreement.[3]
The board reviews all participant appeals of benefit denials, and procures professional advisors and service providers to assist them in fulfilling their obligations and responsibilities. Administrative managers keep track of city and employee contributions, employee eligibility, maintain trust fund records, and issue checks for payment of benefits and financial obligations of the trust fund.
On a bi-weekly basis the City of Fort Lauderdale forwards a designated amount of money representing the negotiated amount contributed on behalf of the city and each fire fighter employee. In contrast to the city-administered health care insurance plans in which other city employees are enrolled, the city has no oversight responsibilities for these contributions of public funds. The city is also responsible for providing the board with all data and information necessary to compile trust fund records.
You have asked whether, under these circumstances, the Board of Trustees of the Fort Lauderdale Fire Fighters Insurance Trust Fund is subject to the provisions of the Government in the Sunshine Law.
Section 286.011(1), Florida Statutes, the Government in the Sunshine Law, provides:
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times. . . ."
Florida courts have held that the Sunshine Law should be liberally construed to give effect to its public purpose.[4] In determining which entities may be covered by the Sunshine Law, the courts have stated that it was the Legislature's intent to extend application of the law so as to bind "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[5]
Attorney General Opinion 97-32, issued earlier this year, considered the applicability of the Government in the Sunshine Law to a pension plan administered for the benefit of Palm Beach County's public transit employees. Palm Tran, Inc., the organization administering the plan, was a not-for-profit corporation created by the board of county commissioners as an instrumentality of the county. The board of directors of Palm Tran, Inc., were the members of the board of county commissioners, the president of the corporation was the county administrator, the secretary/treasurer was the clerk of the board of county commissioners and the executive director of the corporation was the director of the county's Department of Surface Transportation. The corporation was entitled to sovereign immunity to the same extent as the county, and any liability claims from third parties for damages or injury were to be paid by the county.
These substantial connections to the county resulted in the conclusion by this office that Palm Tran, Inc., was an instrumentality of the county and within the "dominion and control" of the Florida Legislature. Thus, it was determined that Palm Tran, Inc., was subject to the Government in the Sunshine Law.
Further, the opinion extended application of the Sunshine Law to the pension board of the corporation. The function of the board was to invest and manage funds on behalf of the employees of Palm Tran, Inc., relieving the county of its obligation to manage these pension plans. The funds were exclusively county funds passed through to employees. The pension board was determined to fulfill a county purpose and be subject to section 286.011, Florida Statutes.
In a situation similar to that presented in Attorney General Opinion 97-32, the Board of Trustees of the Fort Lauderdale Fire Fighters Insurance Trust Fund receives public funds from the city on behalf of both union and non-union city fire fighters. These funds are administered by the board on behalf of municipal employees, a task formerly performed by the city. The funds being managed are public funds paid into the trust fund and ultimately passed on to public employees. Although the board represents a private entity, it is performing a public function on behalf of the city, relieving the city of its responsibility to provide health insurance benefits for city fire fighters.
In Attorney General Opinion 77-48 this office considered the effect of a clause contained in a collective bargaining agreement which would permit personnel records of police officers to be kept confidential except upon legal process or with the consent of the employee. The issue was whether such a provision would violate the Public Records Law. Relying on those cases which held that only the Legislature has the power to except documents from the Public Records Law, this office concluded that a collective bargaining agreement between a public employer and its employees may not validly make the personnel records of public employees confidential, or except or exempt them from Chapter 119, Florida Statutes.[6]
Extending this rationale to the situation presented by the Fort Lauderdale Fire Fighters Insurance Trust Fund, a collective bargaining agreement may not transfer a responsibility of the city to a private entity and thereby accomplish an exception or exemption from the open meetings requirement of section 286.011, Florida Statutes. The Board of Directors of the Fort Lauderdale Fire Fighters Insurance Trust Fund are acting on behalf of the city in collecting and administering employee contributions and are thus accomplishing a public purpose. The city contributes information and data to the trust fund administrators which is used in compiling the records of the funds. The moneys being administered are public funds placed with the trust on behalf of public employees.
Therefore, it is my opinion that the Board of Trustees of the Fort Lauderdale Fire Fighters Insurance Trust Fund is subject to and governed by the Government in the Sunshine Law, section 286.011, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] From the terms of the Agreement and Declaration of Trust, dated August 1, 1981, it appears that the plan offers death, accident and health hospitalization, surgery medical benefits and other related benefits to participants. See, Art. I, s. 1.9, Agreement and Declaration of Trust, Ft. Lauderdale Fire Fighters Insurance Trust Fund.
[2] See, Art. III, ss. 3.1 and 3.6, id.
[3] Section 3.11, supra at n. 1.
[4] See, e.g., Board of Public Instruction of Broward County v.Doran, 224 So.2d 693 (Fla. 1969); and Wood v. Marston,442 So.2d 934 (Fla. 1983) (statute should be broadly construed to effect its remedial and protective purpose).
[5] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969); and City of Miami Beach v. Berns,245 So.2d 38 (Fla. 1971); and see, Ops. Att'y Gen. Fla. 92-17 (1992) and 97-32 (1997).
[6] Citing, News-Press Publishing Co. v.Wisher, 345 So.2d 646 (Fla. 1977) and State ex rel.Cummer v. Pace, 159 So. 679 (Fla. 1935).