## HEITZ, etc. v PRISON HEALTH SERVICES, INC., etc., et al.

### Case No. 86-10955 CP

Seventeenth Judicial Circuit, Broward County

May 2, 1986

**APPEARANCES OF COUNSEL**

**Randall C. Berg, Jr.** and **Peter M. Siegel,** Florida Justice Institute, Inc., for petitioner.

**John W. Mauro,** Prison Health Services, Inc., and **Bruce Jollie, Schuiler, Purdy & Jollie,** for defendant Sheriff Navarro.

**OPINION OF THE COURT**

JAMES M. REASBECK, Circuit Judge.

THIS CAUSE came before the Court on Friday, May 2, 1986, pursuant to an Order to Show Cause why a Petition for Writ of Mandamus should not be granted to compel the Respondents to make available for inspection and copying certain medical records relating to the Petitioner, and the Court having considered the pleadings and argument of counsel and being otherwise fully advised in the premises, finds that the Peremptory Writ of Mandamus should issue.

The records requested by the Petitioner are subject to the mandatory disclosure requirements of the Public Records Law unless they fall within one of the specific statutory exemptions to those requirements. Florida Supreme Court authority, *Tribune Company v. Cannella*, 458 So.2d 1075 (Fla. 1984), makes it clear that public records which do not fall within any statutory exemption must be released without delay (even 48 hours delay is too long). Moreover, where the Respondents refusal to make public records available upon request is capable of repetition but evades review because of voluntary compliance only after the institution of litigation, it is appropriate for this Court to take jurisdiction and rule on the merits. *Tribune Company v. Cannella*, 438 So.2d 516 (Fla. 2d DCA 1983).

Although medical records may be exempt from general public disclosure, the individual who is the subject matter of the medical records is, pursuant to Section 445.241, *Fla. Stat.* (1985), entitled upon request to copies of any medical records pertaining to him. Thus, as to that individual, the records do not fall within the statutory exception and must be released. *Cf., Bludworth v. Palm Beach Newspapers, Inc.*, 476 So.2d 775 (Fla. 4th DCA 1985) (lawful disclosure terminates the statutory exemption).

The definite statement by which this Court is governed was enunciated in *Satz v. Blankenship*, 407 So.2d 396 (4th DCA), *pet. for rev. denied*, 413 So.2d 877 (Fla. 1982) and requires disclosure, absent the existence of an applicable statutory exception, of all records maintained by public agencies. Prison Health Services, Inc., as the provider of medical services within the Broward County Jail, is an agency for purposes of the Public Records Law. *Shevin v. Byron, Harless, Schaffer, etc.*, 379 So.2d 633 (Fla. 1980).

The refusal of the Respondent, Prison Health Services, Inc., to make available the requested copies was contrary to the express mandate of Florida law. Moreover, under the circumstances, the Court finds that the conduct of Prison Health Services, Inc., was unreasonable and triggers Petitioner's right to attorneys' fees and costs. *News-Press Pub. Co., Inc. v. Gadd*, 432 So.2d 689 (Fla. 2d DCA 1983). Accordingly, it is

70

ORDERED AND ADJUDGED, that Respondents, Prison Health Services, Inc. and Nick Navarro, are directed forthwith to deliver to Petitioner all medical records maintained by either of them concerning said Petitioner, and it is

FURTHER ORDERED that the Court reserves jurisdiction to consider Petitioner's request for class certification, and it is

FURTHER ORDERED that Petitioner is entitled to an award of reasonable attorneys' fees and costs of this proceeding from Respondent, Prison Health Services, Inc. Counsel are directed to meet to attempt to resolve the amount to be awarded within the next ten days. If no agreement can be reached, the Court will hear Petitioner's Motion, with supporting documentation, upon the usual notice to all parties.

DONE AND ORDERED in Chambers, at Fort Lauderdale, Broward County, Florida, this 2nd day of May, 1986.