# STATE OF FLORIDA ex rel FLORIDA PUBLISHING COMPANY v CARSON

Case No. 86-7540-CA

Fourth Judicial Circuit, Duval County

June 6, 1986

## APPEARANCES OF COUNSEL

**Harold B. Wahl, George D. Gabel, Jr.,** and **Mitchel E. Woodlief, Wahl and Gabel,** for petitioner.

**Robert G. Alexander** for respondent/sheriff.

## OPINION OF THE COURT

JAMES L. HARRISON, Circuit Judge.

This cause coming on to be heard, after due notice and Order to Show Cause, on Petition for Writ of Mandamus filed by Florida Publishing Company so it may review and photocopy the Respondent

Sheriff's appointment books since January, 1983, interoffice memos written by the Sheriff from January 1985 to May 1986, letters written by the Sheriff since January 1985 and all correspondence received by the Sheriff since January 1986; and the Florida Publishing Company having admittedly sought to get these records from the Sheriff by letter as early as April 30, 1986, and a representative of the Florida Publishing Company having had a conference with the Sheriff, Undersheriff and his counsel on May 13, 1986 at which time they refused to give the newspaper the requested documents, and counsel for the newspaper having written the Sheriff on May 29, 1986 again requesting the documents, citing the authority therefor, and advising that the newspaper would be forced to go to Court by June 3, 1986 unless the documents were produced, and the Sheriff's counsel having written newspaper counsel a three page detailed letter on June 3, 1986 wherein he cited authorities and advised that the Sheriff would not comply with the request unless the Supreme Court of Florida or the Supreme Court of the United States ruled to the contrary, and the Court having heard evidence and argument.

Counsel for Respondent Sheriff sought continuance by an ore tenus motion which the Court, after argument and full consideration, denied. Whereupon counsel for the Respondent Sheriff walked out of the proceeding. The Court sought Respondent Sheriff's counsel's advice as to whether he was abandoning his client, calling counsel's attention to legal arguments on the merits and to be addressed to evidence to be adduced. Upon counsel's refusal to proceed, the Court permitted counsel to leave and the Court then proceeded with the hearing. The Court warned counsel prior to his departure that this would have no effect on the validity of the proceeding.

Upon consideration, the Court finds:

1. The records sought by the newspaper are public records within the intent and meaning of § 119.011 of the Florida Public Records Act and are not exempt from that Act. See *Wait v. Florida Power & Light Company*, (1979) 372 So.2d 420; Attorney General of Florida's Government in the Sunshine Manual, 1985 Edition, page 62, § 12; *Tribune Co. v. Cannella* (1984) 458 So.2d 1075; *Florida ex rel Times Publishing Co. v. Pinellas County Sheriff's Department* (1981) 7 M.L.R. 1092; *Florida ex rel Times Publishing Co. v. Pinellas County* (1982) 8 M.L.R. 2042.

2. The appropriate place for the Respondent Sheriff to seek the broad exemptions he seeks is the Florida State Legislature. See *Wait v. Florida Power & Light Company, supra.*

3. The Sheriff here, as shown by the undisputed facts, as supplemented by the short law memorandum filed by his counsel with the Court at the hearing, has had full opportunity to investigate and handle the matter and be prepared for hearing. The Legislature, in F.S. 119.011, has specifically provided for an accelerated hearing and for immediate compliance. The Legislature there indicated its clear intent that there should be no delay because of technical considerations.

4. The Supreme Court in *Tribune Co. v. Cannella, supra,* showed that these records were to be produced immediately.

It is therefore ORDERED and ADJUDGED:

(A). The Petition of Florida Publishing Company for Writ of Mandamus is GRANTED.

(B). The Respondent Sheriff shall make available for inspection and copying, at a convenient time and location within the Police Memorial Building, Jacksonville, Florida, not later than 12:00 noon Friday, June 13, 1986 by representative of Florida Publishing Company:

(a) The Sheriff's appointment books since January 1983;

(b) Interoffice memos written by the Sheriff from January 1985 to May 1986;

(c) Letters written by the Sheriff since January 1985; and

(d) All correspondence received by the Sheriff since January 1985.

(C). The Sheriff has not followed the explicit directions of F.S. 119.07 which authorized him to delete or excise from the record and state in writing "the basis of the exemption which he contends is applicable to the records including statutory citation to an exemption created or afforded by statute", *provided, however,* that to protect any interests of the public which have apparently been abandoned by Respondent Sheriff's Counsel, the Court orders that in the event the Sheriff makes determination that specific exemptions exist as to specific material under items B, (b), (c) and (d) above, the Respondent Sheriff may segregate and withhold such items and not later than 12:00 noon on Friday, June 20, 1986, shall provide in writing to the Court and counsel alleged specific exemptions as to such specific material as provided by F. S. 119.07(2)(a); at the same time delivering to the Court *in camera* the segregated and withheld material. Should counsel differ as to the specific exemptions claimed by the Sheriff, then the Court will consider an *in camera* inspection of such material and claimed exemptions.

(D). All costs in connection with the production of material are to be borne by the Respondent Sheriff.

(E). The Court reserves jurisdiction to tax Florida Publishing Company's costs, including attorney's fees under F.S. 119.12.

DONE and ORDERED at Jacksonville, Florida this 6th day of June, 1986.