## STATE OF FLORIDA ex rel. FLORIDA PUBLISHING COMPANY v AUSTIN, etc.

### Case No. 86-17310-CA

Fourth Judicial Circuit, Duval County

December 19, 1986

### APPEARANCES OF COUNSEL

**Harold B. Wahl, Wahl & Gabel,** for petitioner.
**John A. Delaney** for respondent.

### OPINION OF THE COURT

HENRY F. MARTIN, Circuit Judge.

### *ORDER ON PETITION FOR WRIT OF MANDAMUS*

This cause coming on to be heard after due notice on Petition for

Writ of Mandamus filed by Florida Publishing Company to review and photocopy certain public records including pleadings filed by the Respondent in response to a federal grand jury subpoena requesting transcripts of certain state grand jury testimony, responses to Respondent's pleadings, Motions by other parties, and Court Orders relating to Respondent's proceedings, and Order to Show Cause entered by this Court December 17, 1986; and

Harold B. Wahl appearing for the Petitioner and John Delaney appearing for the Respondent; and

Respondent having stipulated to the factual allegations of the Petition, and the Court having heard argument of counsel.

Upon consideration, the Court finds:

1. The records sought by Petitioner are public records within the intent and meaning of F. S. 119.011 of the Florida Public Records Act. See *The Tribune CO. v. Cannella* (1984) 458 So.2d 1075; *Florida ex rel Times Publishing v. Pinellas County* (1981) 7 M.L.R. 1091 (CC Pinellas); *Shevin v. Byron, Harless, Etc.* (Fla. 1980) 389 So.2d 633; and *State of Florida ex rel Florida Publishing Company v. Kinard, et al.* (CC Duval, Dec. 12, 1985) 12 M.L.R. 1460.

2. Respondent concedes that the records here are "public records" to which the Petitioner is entitled and that under normal circumstances Respondent would allow Petitioner to inspect and copy the pleadings involved in the matter. However, Respondent is concerned as to whether he might be in some way in contempt of the Federal Court in complying with this request since grand jury proceedings in the Federal Court are sealed and held *in camera.*

3. There has been no showing that the Federal Court officially objects to the Respondent's furnishing these documents or has ordered they not be produced.

WHEREFORE, since these are public records under the laws of Florida, Respondent be and he is hereby ordered to make available for inspection and copying by Petitioner such documents on or before 2:00 p.m., on December 23, 1986, at the office of Harold B. Wahl, Esquire, attorney for the Petitioner, 920 Barnett Building, Jacksonville, Florida.

*Provided* that if in the interim Respondent is ordered by the Federal Court to withhold such documents, Respondent may immediately petition this Court for review of the situation in the light of such Order.

DONE and ORDERED in Chambers at Jacksonville, Duval County, Florida, this 19th day of December, 1986.