## SULLIVAN, et al. v CITY OF NEW PORT RICHEY, et al.

### Case No. 86-1129CA

Sixth Judicial Circuit, Pasco County

May 22, 1987

### APPEARANCES OF COUNSEL

Henry Lee Paul, Lazzara, Caskey, Polli, Gillick and Paul, P.A., for plaintiffs.

Scott L. Knox, Bilirakis, Gelep, Miller and Knox, P.A., for defendants.

### OPINION OF THE COURT

W. LOWELL BRAY, JR., Circuit Judge.

### *JUDGMENT AND ORDER*

The Plaintiffs herein, ERIN SULLIVAN and TERENCE BRENNAN, sued the Defendants, CITY OF NEW PORT RICHEY, CHARLES McCOOL, personally and as City Manager, and JOHN RENKE, personally and as City Attorney, in the Circuit Court of the

Sixth Judicial Circuit for Pasco County, in an action for equitable relief pursuant to Florida Statutes Chapter 119, alleging that the City of New Port Richey, the city manager and the city attorney had violated the provisions of Florida Statute 119.07 providing for the inspection and examination of records. Plaintiffs request an alternative Writ of Mandamus ordering the Defendants to allow the inspection and copying of certain documents, and further requesting that each defendant be fined $500.00, and that the Plaintiffs be reimbursed for costs and attorney's fees. Defendants raised numerous asserted defenses, including unavailability of certain documents at the time of the requests, "overbroadness" of some requests, and impossibility because of nonexistence of some requested items. The city does not contend that any requested item is exempt from inspection under the statute.

On motion by the Defendants, the Court dismissed the demand that fines be imposed, ruling it did not have jurisdiction in that matter.

This case comes before the Court with a long history of conflict and litigation between New Port Richey and the Plaintiffs, residents and property owners of the city. The Plaintiffs have taken an extremely active interest in a wide range of functions of city government. They have, over a period of years, inspected and copied voluminous records of the city. However, they contend that the city, acting through its agents, has repeatedly and deliberately denied access to certain documents. Plaintiffs admit that some of the requested items have been produced since the commencement of this action.

The Court finds that all documents requested are subject to inspection and rejects the argued defenses of the city, except as to the request for telephone logs which the preponderance of the evidence would show do not exist. The Court further finds that the city has violated the provisions of Florida Statute Chapter 119.

The Court addresses specifically the following four issues raised by the pleadings and the testimony:

1. Over broad Request

In the case at bar, the city claims that a request to see all memoranda written by the present and two prior city managers is overbroad and that the documents are scattered throughout the city's files located in various buildings without any indexing or cataloging thereby making compliance impossible. The city has also plead that the request is too vague. The last argument is untenable on its face.

Florida Statute 119.07 requires every custodian of every public

**37**

record make those records available for inspection at any reasonable time and under reasonable conditions, apparently leaving the choice of time and conditions (within the reasonable limitation) to the party making the request. It further provides that the custodian may require payment of actual cost of reproduction and may charge for the cost of extensive clerical assistance and extensive use of information technology if such are required.

It is clear from the statute itself that no objection based on the "breadth" of the request can stand. The Court, in *Lorei v Smith,* 464 So.2d 1330 (Fla. App. 2d Dist. 1985), has recognized that the "breadth of such right [to inspect] is virtually unfettered, save for statutory exemption . . . " at page 1332. The Supreme Court gave a practical demonstration of this right in *Wait v Florida Power & Light Company,* 372 So.2d 420 (Fla. 1979) when it considered with approval a request that a city utility commission make *all documents in its possession* available for inspection.

The Court concludes that the Plaintiffs are entitled to inspect and have copied all memoranda requested although such right may be subject to payment of a special service charge for clerical work or supervision if an extensive search of the files and records is required.

2. Documents in the Hands of Attorneys

The Defendant city maintains that it was unable to produce certain documents in a timely manner because the documents were in the hands of one or more of its attorneys, some of the documents being used to respond to a demand to produce filed in a federal case which was, at that time, pending between the parties to this suit.

The Court finds no exception in the law which would validate such a position. This argument was dismissed in *Tober v Sanchez,* 417 So.2d 1055 (Fla. App. 3d Dist. 1982). Certainly documents in the hands of a party's attorney are within the party's control and available to it. Moreover, Florida Statute 119.031 specifically mandates, "All public records should be kept in the buildings in which they are ordinarily used." and provides for their removal only should they be in need of repair, restoration or rebinding. To allow the removal of the original documents even by attorneys would appear to be a violation of this section of the statute.

3. Requirement that Requests be in Writing on an Approved Form and be Approved by the City Manager

The city has adopted a form which must be completed by the

individual seeking access to documents and then sent to the city manager for his approval and authorization of the inspection.

The public records statute provides several exemptions from the operation of the statute. So far as the approval of the city manager is granted or withheld only on the basis of such exemptions and the requirement of his approval does not become a device to delay compliance, the Court does not find the requirement to be prohibited by the statute. *Tribune Company v Cannella,* 458 So.2d 1075 (Fla. 1984) Likewise, the city may promulgate whatever forms it wishes and have its employees complete the forms. However, refusal to comply with a request for inspection or copying cannot be justified on the grounds that the requesting party has refused to complete, or furnish information for the completion of, such forms. To hold otherwise would allow the custodian of records to engraft his own conditions on an unconditional right granted by the legislature.

4. Preparation of Lists

The city maintains that certain of the requests would require the city to create or compile a list or index which it does not maintain. The Court would agree that the statute does not require the creation of any documents in order to comply with a request. *Seigle v Barry,* 422 So.2d 63 (Fla. App. 4th DCA 1982) Therefore, a list or index which does not exist does not have to be produced. However, the Court views the Plaintiffs' request for "Names and last known addresses of employees who left the employment of the city during 1982 through 1986 . . . " as a request for the individual documents from which such information can be extracted, and holds that the city must produce such pertinent documents as it may have.

It is therefore

ORDERED AND ADJUDGED that the Plaintiffs' request for a Writ of Mandamus is granted and the Defendant, CITY OF NEW PORT RICHEY, is ordered to allow the inspection of and shall copy such documents as are requested by the Plaintiffs as set out in the complaint herein, such inspection and copying to be subject to payment of such costs as are provided for in the statute. The Court reserves jurisdiction for the taxing of attorney's fees and costs against the city.

DONE AND ORDERED in Chambers, at New Port Richey, Pasco County, Florida, this 22nd day of May, 1987.