The Honorable Mary W. Morgan Supervisor of Elections Collier Government Complex 3301 Tamiami Trail East Naples, Florida 33962
Dear Ms. Morgan:
You have asked for my opinion on substantially the following questions:
1. Is computer software which collects, stores, retrieves, and processes voter information which has been produced by the office of the supervisor of elections a public record?
2. Is a county official authorized to assign the county's rights to such agency-produced software to an individual for his sole private use when such assignment is part of a settlement agreement compromising a law suit against the county?
In sum:
1. Agency-produced data processing software which collects, stores, retrieves, and processes voter registration information pursuant to section 98.211, Florida Statutes, is a public record. However, such software is "sensitive" within the terms of section119.07(3)(r), Florida Statutes (1988 Supplement), and not subject to inspection and copying.
2. I am aware of no authority for a county official to assign the county's right to a public record as part of a settlement agreement compromising a law suit against the county.
You have been asked by a former employee of the county to produce all voter registration data, other data bases, and the computer programs which are used to collect, store, retrieve and process voter information. The computer programs in question were apparently written by this former employee while he was working for the county. He now desires to secure these programs so that he may market them. This person has threatened to sue the county to secure these programs and the county is discussing ways to resolve this matter without litigation. You have advised me that one of the options suggested by your former employee is an agreement in which the county would assign these programs to him and they would be removed from public use.
Question One
It is the policy of this state, as expressed in Chapter 119, Florida Statutes, Florida's Public Records Law, that all state, county, and municipal records shall be open at all times for personal inspection by any person.[1] For purposes of the act "[p]ublic records" means "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[2] This office has previously stated that information stored on a computer is as much a public record as a written page in a book or a tabulation in a file stored in a filing cabinet.[3] However, despite this general policy of public accessibility, the Public Records Law does recognize certain exemptions and provides for the confidentiality of other records.[4] As stated in the act, "[a]ll public records which are presently provided by law to be confidential or which are prohibited from being inspected by public, whether by general or special law, are exempt" from the general disclosure provisions.[5]
The voter registration books maintained by the supervisor of elections are public records. However, section 98.211(1)(a), Florida Statutes, provides that "[e]very citizen is allowed to examine the registration books while they are in the custody of the supervisor, but is not allowed to make copies or extracts therefrom except as provided by this section." The information maintained by the supervisor pursuant to the Florida Election Code may only be furnished to:
"(a) The courts for the purpose of jury selection; (b) Municipalities; (c) Other governmental agencies; (d) Candidates, to further their candidacy; (e) Registered political committees, registered committees of continuous existence, and political parties or officials thereof, for political purposes only; and (f) Incumbent officeholders, to report to their constituents."[6]
The statute specifically prohibits the use of such information for commercial purposes.[7]
The Public Records Law contains a specific exemption for "sensitive" data processing software:
"Data processing software obtained by an agency under a licensing agreement which prohibits its disclosure and which software is a trade secret, as defined in s. 812.081, and agency-produced data processing software which is sensitive are exempt from provisions of [section 119.07(1), Florida Statutes (1988 Supplement.)] The designation of agency-produced software as sensitive shall not prohibit an agency head from sharing or exchanging such software with another public agency. As used in this paragraph: 1. "Data processing software" has the same meaning as in s. 282.303(6).[8]
2. "Sensitive" means only those portions of data processing software, including the specifications and documentation, used to: a. Collect, process, store, and retrieve information which is exempt from the provisions of subsection (1); b. Collect, process, store, and retrieve financial management information of the agency, such as payroll and accounting records; or c. Control and direct access authorizations and security measures for automated systems."[9]
Section 98.211, Florida Statutes, does not purport to remove information in the voter registration books from the scope of the public records law but restricts the copying or extracting of such information to those individuals or agencies specified in the statute and further authorizes examination of such records only while such records are in the custody of the supervisor of elections. You have advised me that anyone with a copy of this data processing software would have immediate and direct access to voter registration information, circumventing the restrictions of the statute. Thus, in order to give effect to the plain language of the statute, I must conclude that section 98.211, Florida Statutes, contains a limited exception or exemption to the Public Records Law for the information contained in voter registration books.
Therefore, the data processing software maintained by the supervisor of elections which is used to collect, process, store, and retrieve registration information is "sensitive" and not subject to disclosure and copying as a public record. However, this designation does not prohibit the supervisor of elections from sharing such information with other public agencies.
Question Two
While I cannot comment on the duties of any officer other than the supervisor of elections at your request, I would note that there is general authority for the county commission to compromise claims against the county.[10] However, I am not aware of any authority for a public agency or official to assign its rights to public records to individuals resulting in the removal of such records from the scope of the Public Records Law.
In addition, I would note that the legislative scheme of the Public Records Law has preempted any local regulation of this subject.[11] Therefore, the county is not authorized to alter the terms of the Public Records Law by entering into a settlement agreement which would defeat the intent of the law contrary to public policy.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 119.01(1), Fla. Stat.
[2] Section 119.011(1), Fla. Stat.
[3] See, Ops. Att'y Gen. Fla. 85-87 (1985) and 85-3 (1985). Andsee, Seigle v. Barry, 422 So.2d 63,61 (Fla. 4th DCA 1982).
[4] See, s. 119.07(3), Fla. Stat. (1988 Supp.), as amended by Chs. 89-29, 89-55, 89-80, 89-275, 89-283, 89-350, and 89-531, Laws of Florida.
[5] Section 119.07(3)(a), Fla. Stat. (1988 Supp.).
[6] Section 98.211(2)(a)-(f), Fla. Stat.
[7] Section 98.211(2), Fla. Stat.
[8] Section 282.303(6), Fla. Stat., defines "[d]ata processing software" as "the programs and routines used to employ and control the capabilities of data processing hardware, including, but not limited to. operating systems, compilers, assemblers, utilities, library routines, maintenance routines, applications, and computer networking programs."
[9] Section 119.07(3)(r), Fla. Stat. (1988 Supp.).
[10] See, Op. Att'y Gen. Fla. 60-90 (1960) regarding the authority of a county commission to compromise accounts owed to the county, and AGO 83-35. And see, 20 C.J.S. Counties s. 233 (as general rule, the county board is the agent of the county to arrange for and collect the finances of the county, and such power includes the right to institute and conduct all suits and proceedings looking to the preservation of the fiscal affairs of the county), and s. 303 (claims against counties may be compromised and may also be submitted to arbitration).
[11] See, Tribune Company v. Cannella, 458 So.2d 1075 (Fla. 1984), appeal dismissed sub nom., DePerte v. Tribune Company,105 S.Ct. 2315 (1985). And see, Op. Att'y Gen. Fla. 75-50 (1977) (Ch.119, Fla. Stat., constitutes a preemption of the field of public records and, therefore, this is not a proper subject of attempted local regulation. A local agency has no discretion to alter the terms of Ch. 119, Fla. Stat., because the state possesses exclusive control over access, maintenance, retention, and disposal of public records).