Honorable Lars A. Hafner Representative, District 54
QUESTION:
May counties and municipalities enact ordinances allowing local law enforcement officials to enforce the Florida Clean Indoor Air Act?
SUMMARY:
The Legislature has expressly preempted regulation of smoking to the state, with enforcement of the Florida Clean Indoor Air Act assigned to the Department of Health and Rehabilitative Services or the Division of Hotels and Restaurants of the Department of Business Regulation. This precludes local regulation and enforcement outside the provisions of the act.
The "Florida Clean Indoor Air Act"[1] states:
 The purpose of this part is to protect the public health, comfort, and environment by creating areas in public places and at public meetings that are reasonably free from tobacco smoke by providing a uniform statewide maximum code. This part shall not be interpreted to require the designation of smoking areas. However, it is the intent of the Legislature to discourage the designation of any area within a government building as a smoking area.[2] (e.s.)
In carrying out this purpose, s. 386.204, F.S. (1992 Supp.), prohibits a person from smoking in a public place or at a public meeting except in designated smoking areas.[3] For purposes of the act, "smoking" is defined as "possession of a lighted cigarette, lighted cigar, lighted pipe, or any other lighted tobacco product."[4] "Public place" includes enclosed, indoor areas used by the general public in specified buildings, rooms, facilities and conveyances.[5]
Smoking areas may be designated by the person in charge of a public place, with consideration of existing physical barriers and the use of ventilation systems to minimize smoke in adjacent nonsmoking areas.[6] The person in charge of a public place is required to post signs designating smoking areas and may place "NO SMOKING EXCEPT IN DESIGNATED AREAS" signs as appropriate.[7]
The regulation of smoking, however, is expressly preempted to the state, with the act superseding any municipal or county ordinance on the subject.[8] When the Legislature makes its intent clear, that intent must be given effect.[9] Thus, a specific, clear and precise statement of legislative intent will control in the interpretation of a statute.[10]
The Department of Health and Rehabilitative Services (department) or the Division of Hotels and Restaurants of the Department of Business Regulation (division) is charged with the enforcement of ss. 386.205 and 386.206, F.S.[11] Section 386.207(2), F.S., directs public agencies responsible for the management and maintenance of government buildings to report observed violations to the department or division. The State Fire Marshal is also directed to report to the department or division violations of the act observed during its periodic inspections.[12] The department or division, upon notification of an alleged violation, issues to the proprietor or other person in charge of the public place a notice to comply with ss. 386.205 and 386.206, F.S. (1992 Supp.). Failure to comply with the act within thirty days subjects the person to a civil penalty not to exceed 100 for the first violation and a fine not to exceed 500 for each subsequent violation.[13]
In light of the preemption to the state of regulating smoking in public places, superseding any municipal or county ordinance on the subject, and the comprehensive enforcement powers conferred upon the Department of Health and Rehabilitative Services and the Division of Hotels and Restaurants, it does not appear that municipalities and counties may enact ordinances allowing local law enforcement officials to enforce the provisions of the Florida Clean Indoor Air Act.
[1] Part II, Ch. 386, F.S. (1992 Supp.).
[2] Section 386.202, F.S. (1992 Supp.).
[3] The prohibition does not apply when an entire room or hall is used for a private function and the seating arrangements are under the control of the sponsor of the function and not of the proprietor or person in charge of the room or hall.
[4] Section 386.203(4), F.S. (1992 Supp.).
[5] Section 386.203(1), F.S. (1992 Supp.), defines "public place" to include: government buildings; public means of mass transportation and their associated terminals not subject to federal smoking regulation; elevators; hospitals; nursing homes; educational facilities; public school buses; libraries; courtrooms; jury waiting and deliberation rooms; museums; theaters; auditoriums; arenas; recreational facilities; restaurants which seat more than 50 persons; retail stores, except a retail store the primary business of which is the sale of tobacco or tobacco related products; grocery stores; places of employment; health care facilities; day care centers; and common areas of retirement homes and condominiums.
[6] Section 386.205(1), F.S. (1992 Supp.). Cf., AGO 89-7, in which this office concluded that the Florida Clean Indoor Air Act does not require a school board to establish designated smoking areas.
[7] Section 386.206, F.S. (1992 Supp.).
[8] Section 386.209, F.S. (1992 Supp.).
[9] See, Philip Crosby Associates, Inc. v. State Board of Independent Colleges, 506 So.2d 490 (5 D.C.A. Fla., 1987) (statute must be construed to give effect to the legislative intent expressed in the statute).
[10] Carawan v. State, 515 So.2d 161 (Fla. 1987). Cf., Tribune Company v. Cannella, 458 So.2d 1075, 1077 (Fla. 1984) (municipality may not act in an area preempted by the legislature).
[11] *See, s. 386.207, F.S., which also provides that the department or division "shall adopt, in consultation with the State Fire Marshal, rules specifying procedures to be followed by enforcement personnel in investigating complaints and notifying alleged violators, rules defining types of cases for which exemptions may be granted, and rules specifying procedures by which appeals may be taken by aggrieved parties."
[12] Section 386.207(2), F.S.
[13] Section 386.207(2), F.S., states that the civil penalties for violations of the act are to be imposed pursuant to Ch. 120, F.S., and that refusal to comply with the act after the civil penalty is assessed allows the department or division to file a complaint in circuit court of the county in which the public place is located to require compliance.