Mr. W. Nelon Kirkland Attorney for the Manatee County Property Appraiser Post Office Box 400 Bradenton, Florida 34206-400
Dear Mr. Kirkland:
On behalf of the Honorable Charles E. Hackney, Manatee County Property Appraiser, you ask substantially the following questions:
1. May a property appraiser enter into an agreement with a private company to provide public records, excluding exempt or confidential information, to such company which will then repackage the information and provide the property appraiser with either in-kind services or a share of the profits or proceeds from the sale of the information?
2. May the property appraiser accept electronic records such as requests for exemptions as allowed by law or other filings, whether signatures are requested or not, from members of the public and store such information electronically?
Question One
It is the policy of this state that all state, county, and municipal records are open for personal inspection by any person. Providing access to public records is a duty of each agency.[1] Section 119.07(1), Florida Statutes, provides in part:
"Every person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records."
It has long been the opinion of this office that, in the absence of a statute to the contrary, public information must be open to the public without charge.[2] The provision of access to public records is a statutory duty imposed by the Legislature upon all records custodians and should not generally be considered a revenue-generating operation.[3]
Moreover, the courts and this office have recognized that the Legislature has made the requirements of Chapter 119, Florida Statutes, mandatory at the local as well as the state level and does not vest any discretion in local agencies to alter, change, or place conditions upon the statute's provisions.[4]
With respect to permitting inspection of public records or furnishing copies, section 119.07(4), Florida Statutes, provides that the custodian of public records shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law. If a fee is not prescribed by law, section 119.07(4)(a) authorizes the following fees:
"(a)1. Up to 15 cents per one-sided copy for duplicated copies of not more than 14 inches by 8½ inches;
2. No more than an additional 5 cents for each two-sided copy[.]"[5]
For other copies, the charge is limited to the actual cost of duplication of the record.[6]
In addition, section 119.07(4)(d), Florida Statutes, authorizes the imposition of a special service charge when the nature or volume of public records to be inspected or copied is such as to require extensive use of information technology resources or extensive clerical or supervisory assistance, or both. In such cases, the agency may charge a reasonable service charge based on the cost actually incurred by the agency for such extensive use of information technology resources or personnel.[7] Unless the nature or volume of the records to be inspected or copied requires "extensive" use of the information technology resources or clerical or supervisory assistance, however, the special service charge may not be imposed.[8]
This office has stated that only those fees or charges that are authorized by statute may be imposed.[9] Thus, while the property appraiser may provide public records to a private company, he or she may only charge and receive the fees prescribed by statute. I am not aware of any provision generally authorizing the property appraiser to enter into an agreement with a private company to provide public records whereby the property appraiser would receive either a percentage of the profits from the resale of such information by the private company or in-kind services.[10]
Accordingly, I am of the opinion that while the property appraiser may provide public records, excluding exempt or confidential information, to a private company, the property appraiser may only receive those fees that are authorized by statute and thus may not, in the absence of a statute so providing, enter into an agreement with such company where the property appraiser provides such records in exchange for either in-kind services or a share of the profits or proceeds from the sale of the information by the private company.
Question Two
You ask whether the property appraiser may accept electronic records, such as requests for exemptions or other filings, from the public and store such information electronically.
Section 119.01(2), Florida Statutes, recognizes the increasing use of electronic recordkeeping by public agencies. Subsection (2)(a) of the statute provides:
"Automation of public records must not erode the right of access to those records. As each agency increases its use of and dependence on electronic recordkeeping, each agency must provide reasonable public access to records electronically maintained and must ensure that exempt or confidential records are not disclosed except as otherwise permitted by law."
Subsection (2)(f) of the statute states in part that each agency that maintains a public record in an electronic recordkeeping system shall provide to any person, pursuant to this chapter, a copy of any public record in that system that is not exempted by law from public disclosure.[11]
I am not aware of, nor have you brought to the attention of this office, any provision prohibiting the property appraiser from maintaining records electronically. Section 195.027(2), Florida Statutes, however, provides that it is the legislative intent that all counties operate on computer programs that are substantially similar and produce data that are directly comparable. The statute requires that the rules and regulations of the Florida Department of Revenue shall prescribe uniform standards and procedures for computer programs and operations for all programs installed in any property appraiser's office.[12] Moreover, pursuant to section195.022, Florida Statutes, the Department of Revenue is responsible for prescribing all forms to be used by property appraisers, tax collectors, clerks of the circuit court, and value adjustment boards in administering and collecting ad valorem taxes.[13]
Part II of Chapter 668, Florida Statutes, section 668.50, Florida Statutes, is the "Uniform Electronic Transaction Act."[14] Section668.50(17), Florida Statutes, provides that each governmental agency shall determine whether, and the extent to which, such agency will create and retain electronic records and convert written records to electronic records. Pursuant to subsection (18)(a) of the statute,
"Except as otherwise provided in paragraph (12)(f), each governmental agency shall determine whether, and the extent to which, such agency will send and accept electronic records and electronic signatures to and from other persons and otherwise create, generate, communicate, store, process, use, and rely upon electronic records and electronic signatures."[15]
The statute does not require a record or signature to be created, generated, sent, communicated, received, stored, or otherwise processed or used by electronic means or in electronic form; rather, it only applies to transactions between parties where each patry has agreed to conduct transactions by electronic means.[16]
Section 668.50(7), Florida Statutes, sets forth the legal recognition of electronic records and signatures:
"(a) A record or signature may not be denied legal effect or enforceability solely because the record or signature is in electronic form.
(b) A contract may not be denied legal effect or enforceability solely because an electronic record was used in the formation of the contract.
(c) If a provision of law requires a record to be in writing, an electronic record satisfies such provision.
(d) If a provision of law requires a signature, an electronic signature satisfies such provision."
If a law requires that a record be retained, that requirement is satisfied by retaining an electronic form of the information. Such electronic form must accurately reflect the information set forth in the record after the record was first generated in final form as an electronic record or otherwise and must remain accessible for later reference.[17]
In light of the above, it appears that the property appraiser may accept electronic records, including those for which a signature is required, and may store such information electronically. In light of the responsibilities of the Department of Revenue in this area and its authority to prescribe the forms to be used, it may be advisable to contact the department on this matter.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Section 119.01(1), Fla. Stat.
[2] See, e.g., Ops. Att'y Gen. Fla. 84-81 (1984), 76-34 (1976) (which concluded that the public must have free access to a computer terminal for the mere inspection and examination of public records, absent specific statutory authority for a charge or fee), and 75-50 (1975).
[3] Attorney General Opinion 84-03 (1984). And see s. 119.011(11), Fla. Stat., defining "public records" for purposes of Ch. 119, Fla. Stat.
[4] See, e.g., Op. Att'y Gen. Fla. 75-50 (1975) (Ch. 119, Fla. Stat., read with Ch. 267, Fla. Stat., relating to records management, constitutes state preemption of the field of public records; such is not a proper or valid subject of attempted local regulation or legislation) and Tribune Company v. Cannella, 438 So.2d 516 (Fla. 2nd DCA 1983),
reversed on other grounds, 458 So.2d 1075 (Fla. 1984), appeal dismissedsub nom., DePerte v. Tribune Company, 105 S.Ct. 2315 (1985) (Legislature clearly preempts local regulation of the release of public records). Butsee Op. Att'y Gen. Fla. 85-19 (1985), concluding that, even though the field of public records is preempted to the state, the Public Records Law would not preclude a unit of local government from establishing a set fee for duplication of public records, as long as the set fee reflects the fee authorized in Ch. 119.
[5] And see s. 119.07(4)(c), Fla. Stat., authorizing an agency to charge up to $1 per copy for a certified copy of a public record. Seealso s. 119.011(7), Fla. Stat., defining the term "Duplicated copies" to mean "new copies produced by duplicating, as defined in s. 283.30." Section 283.30(3), Fla. Stat., defines "Duplicating" as "the process of reproducing an image or images from an original to a final substrate through the electrophotographic, xerographic, laser, or offset process or any combination of these processes, by which an operator can make more than one copy without rehandling the original."
[6] Section 119.07(4)(a)3., Fla. Stat. And see s. 119.011(1), Fla. Stat., defining "Actual cost of duplication" to mean " the cost of the material and supplies used to duplicate the public record, but does not include labor cost or overhead cost associated with such duplication."
[7] See s. 119.07(4)(d), Fla. Stat., stating:
"If the nature or volume of public records requested to be inspected or copied pursuant to this subsection is such as to require extensive use of information technology resources or extensive clerical or supervisory assistance by personnel of the agency involved, or both, the agency may charge, in addition to the actual cost of duplication, a special service charge, which shall be reasonable and shall be based on the cost incurred for such extensive use of information technology resources or the labor cost of the personnel providing the service that is actually incurred by the agency or attributable to the agency for the clerical and supervisory assistance required, or both." (e.s.)
And see s. 119.011(9), Fla. Stat., defining "Information technology resources" as "data processing hardware and software and services, communications, supplies, personnel, facility resources, maintenance and training."
[8] See Op. Att'y Gen. Fla. 99-41 (1999), stating that the fact that the request involves the use of information technology resources is not sufficient to incur the imposition of the special service charge; rather, extensive use of such resources is required.
[9] See Ops. Att'y Gen. Fla. 90-10 (1990) (municipality or other political subdivision may not prescribe a fee for certified copies of public records different than the actual cost of duplication, absent specific statutory authority), 84-03 (1984) and 76-34 (1976).
[10] Compare s. 119.07(2)(c), Fla. Stat., authorizing the custodian of public records, unless otherwise required by law, to charge a fee for remote electronic access, granted under a contractual arrangement with a user, which fee may include the direct and indirect costs of providing such access; and s. 119.084, Fla. Stat., authorizing an agency to copyright data processing software created by the agency and to establish a sale price and licensing fee for any other public or private entity. The requester has not indicated what service the private company will provide in "repackaging" the public records information.
[11] And see s. 119.01(2)(b), (c) and (d), Fla. Stat., providing:
"(b) When designing or acquiring an electronic recordkeeping system, an agency must consider whether such system is capable of providing data in some common format such as, but not limited to, the American Standard Code for Information Interchange.
(c) An agency may not enter into a contract for the creation or maintenance of a public records database if that contract impairs the ability of the public to inspect or copy the public records of the agency, including public records that are on-line or stored in an electronic recordkeeping system used by the agency.
(d) Subject to the restrictions of copyright and trade secret laws and public records exemptions, agency use of proprietary software must not diminish the right of the public to inspect and copy a public record."
[12] And see s. 195.095(1), Fla. Stat., stating in part that the executive director of the Department of Revenue, or his or her designee, shall accept applications from all persons and firms that desire to contract with property appraisers, tax collectors, or county commissions for assessment or collection services or systems or for the sale of electronic data processing programs or equipment.
[13] And see Rule12D-16.001, Fla. Admin. C.
[14] Section 668.50(1), Fla. Stat. Cf. s. 668.50(3)(b), Fla. Stat., providing that this section does not apply to a transaction to the extent the transaction is governed by a provision of law governing the creation and execution of wills, codicils, or testamentary trusts; the Uniform Commercial Code other than ss. 671.107 and 671.206 and chapters 672 and 680; the Uniform Computer Information Transactions Act; or rules relating to judicial procedure.
[15] See s. 668.50(18)(c), Fla. Stat., providing that "[e]xcept as otherwise provided in paragraph (12)(f), this section does not require a governmental agency of this state to use or permit the use of electronic records or electronic signatures." And see s. 668.50(2)(g), (h), and (i), Fla. Stat., repectively defining "Electronic record," "Electronic signature," and "Governmental agency":
"(g) "Electronic record" means a record created, generated, sent, communicated, received, or stored by electronic means.
(h) "Electronic signature" means an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record.
(i) "Governmental agency" means an executive, legislative, or judicial agency, department, board, commission, authority, institution, or instrumentality of this state, including a county, municipality, or other political subdivision of this state and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[16] See s. 668.50(5)(a) and (b), Fla. Stat. And see s. 668.50(5)(c), Fla. Stat., stating that a party that agrees to conduct a transaction by electronic means may refuse to conduct other transactions by electronic means. See also s. 668.50(2)(p), Fla. Stat., defining "Transaction" to mean "an action or set of actions occurring between two or more persons relating to the conduct of business, commercial, insurance, or governmental affairs." See also s. 668.50(18)(b), Fla. Stat., providing that to the extent that a governmental agency uses electronic records and electronic signatures under paragraph (a), the state technology office, in consultation with the governmental agency, giving due consideration to security, may specify certain conditions regarding such records.
[17] Section 668.50(12)(a), Fla. Stat. Cf. s. 668.50(12)(f), Fla. Stat., stating that a record retained as an electronic record in accordance with paragraph (a) satisfies a provision of law requiring a person to retain a record for evidentiary, audit, or similar purposes, unless a provision of law enacted after July 1, 2000, specifically prohibits the use of an electronic record for the specified purpose.